## BENJAMIN HIGGINBOTTOM vs. YOUNG SHORT.

A court of equity in administering justice adapts itself to the peculiar circumstances attending each case brought before it.

A tenant in common may at any time, by petition, claim the right from his co-tenant, to an equal division of the property held by them as such.

In all such cases equality is equity.

If each party cannot enjoy his rights in severalty to the property in contro-versy, the court will order a partition to be made.

If from the nature of the property, an equitable partition cannot be made, the court must grant relief by making a decree which will protect the rights of all parties; and this can only be done by a sale of the property and dividing the money equitably between the parties.

On appeal from the circuit court of Tishamingo county; Hon. Hugh R. Miller, judge.

The only facts in this case are simply whether one joint co-tenant can file a bill or petition against the other co-tenant, to compel a division of the property jointly held by them.

*B. N. Kinyon*, for appellant.

*B. C. Rives*, for appellee.

Mr. Justice FISHER delivered the opinion of the court.

The defendant in error filed his bill on the chancery side of the circuit court of Tishamingo county against the plaintiff in error, praying the court to decree a sale of a quarter section of land, upon which is situated a mill, in said county, held as tenants in common by the parties, on the ground that the mill constituting the main value of the premises, an equal partition cannot be made; and also praying for an account to be taken of the profits of the mill for a certain number of years.

The court below decreed according to the prayer of the bill. From which decree a writ of error has been prosecuted to this court.

But one fact may be considered as in issue, and that is, whe-ther a partition of the land can be made according to principles of equity. It is true a great many other matters are introduced both by the pleadings and evidence; but this will be found to be the only important question.

A court of equity, in administering justice, adapts itself to the peculiar circumstances attending each case brought before

14*

it. Partition is a right which a tenant in common may claim from his co-tenant at any time. But as the rights of both parties were equal while the estate in common was enjoyed, they must be made equal in its division. In such case equality is equity. The court, then, must determine whether it can, according to this principle, permit each party to enjoy his rights in severalty to the land in controversy. If so, it will order partition to be made. If, on the contrary, from the indivisible nature of the property, partition cannot be made according to the principle of equality, the court must still grant relief, by adapting itself to the peculiar circumstances of the case, and making a decree which will protect the rights of both parties; and this can only be done by a sale of the property, and dividing the money. Equality in this way can be arrived at, and justice done to both parties.

It is clear from the proof in the record, that an equal partition of the land cannot be made.

We, therefore, affirm the decree of the court below.