DeadeRick, Ob. J.,
delivered tbe opinion of tbe court:
Tbe original bill ivas filed in tbe chancery conrt at Memphis to enforce tbe specific execution of a contract of sale of a lot in Memphis by Parker to Peters. Peters resisted tbe enforcement upon the ground that Parker could not make title to tbe land. Upon tbe disclosures made in *637 Peters’ answer, tbe chancellor required complainant to so amend his bill as to make the defendants, ¡Seldon and wife and their children, parties.
Answers were filed by Seldon and wife, and by their children, who were minors, by their guardian ad litem, ~W. W. Goodwin. The children claimed an interest in the lot, in remainder, after the termination of the life of their mother. This claim was set up in their answer, which was filed as a cross-bill, with prayer for appropriate relief.
The chancellor decreed in favor of complainant, a specific performance of the contract, and against the claim of the minors, and dismissed their cross-bill. Prom this decree, dismissing their cross-bills, the minors, by guardian ad litem, have appealed to this court.
The lot in controversy originally belonged to Eli M. Driver, deceased, and was part of the lot in Memphis, known as his residence property, and so designated in his will. Said Driver died in 1851, leaving a large landed estate in Tennessee, Mississippi, and Alabama. He made a will in July, 1851, and codicil thereto in September, 1851, authorizing and directing his executors to sell said lands upon such terms and at such time as they might deem proper, except the residence property in Memphis, and a plantation in Tunica county, Mississippi. The residence property rvas devised to his widow, as a home for herself and children, and upon her death it was to go as his general estate. The will further provided that upon the marriage or death of his wife, and upon the coming of age of their youngest child, and after each child had received $10,000, and after payment of certain other bequests and legacies, the residue of the estate was to be equally divided among his children. He had four children living at the time of his death; two of them after-wards died unmarried and intestate. The mother then died, leaving two daughters surviving her, one of them married, the other unmarried. The will provided that the *638 daughters should hold their respective shares, to their sole and separate use, during their natural lives, with remainder to their children. After the termination of the life estate of the widow in the residence property, the only .executor then acting (one having refused to qualify, and another resigning soon after his qualification), deeming it best for the interest of the children to sell the residence property, but not being satisfied whether, under the will, he had the same power to sell it that he had as to the other lands, filed his bill in the chancery court at Memphis, asking a construction of the will, especially as to his right to sell the “residence property in Memphis.” To this bill the husband of the married daughter, and his wfife and their infant child, and the single daughter, Julia, were made defendants. All the parties answered, the minor separately, by its guardian ad litem, submitting the .question to the determination of the court, of the pov-er of the executor under the will, to sell the “residence property.” The cause was regularly brought to a hearing, the will having been exhibited with the bill, and the chancellor held, that after the termination of the life estate of testator’s widow, the residence property became a part of the general estate by the terms of the will, and that the executor had the right to sell it, under the powers conferred by the will. Before this decree was pronounced, and while the cause was pending, Julia, testator’s single daughter, intermarried with the defendant Selden, who was made a party also. The decree was rendered in 1869, and Giles L. Driver after-wards sold the residence property to Selden, the husband of Julia, and some time after his purchase he sold the lot in controversy to complainant, Parker, who sold to Peters.
The question is, did Parker get a good title to -the lot, or can the complainants recover?
Parker, in his answer, relies upon the plea of innocent purchaser, which is fully set out and sustained by proof, and also upon the validty of the sale made by the executors, *639 and upon tlie conclusiveness of the adjudication of the chancery court- upon the construction of the will, and the executor’s power thereunder.
If the chancellor’s decree construing the will is binding upon the complainants in the cross-bill, then there can be no question as to their being precluded from impeaching the sale by the executors. There is no charge in the cross-bill that there was any fraud or collusion upon the part of the executor, or purchaser, or other person, to defeat their claim, but they insist, as they were not bom when this decree was made, that 'it is not binding upon them, not being parties to the cause. It is true that, ordinarily, one not a party to a suit is not bound by any decree or judgment rendered therein. But to this rule there are exceptions. The question submitted by the executor’s bill, to which all parties having an interest then in being, were made defendants, was whether he had the power, under the will, to sell the residence property. jSTo one’s right, to the property, or to its-proceeds, was in controversy, nor is there in the present litigation any contest of complainants’ rights to a remainder interest in the proceeds of said property. The executor’s powers were derived from the will, and if they were not clear to him, he might apply for instructions from the chancery court, and, in such case, all the parties to the suit would be bound, even if the construction of the will were erroneous, so long as the decree was not annulled or reversed. If all the parties in being, having an interest in the subject-matter of the bill, are made parties, a decree construing the will to be binding upon after born children who may be entitled as remainder-men, and powers exercised under such construction by the executor, in good faith, will be upheld, especially in favor ofñnnocent purchasers. In this case the two daughters of testator, and their husbands, and the only child of one of the daughters, were all made parties to the executor’s bill.
*640 In tbe case of Freeman v. Freeman, 9 Heis., 306, where minors brought suit, with others, to set aside a sale for partition of a lot, made before they were born, this court held that the mother of the minors, having a life estate, and her child, since deceased, were made defendants, and, although the minors then suing were unborn, they were virtually represented by their mother, and her then only child, and that the sale of the lot, made under a decree of court, was binding upon them.
That case is, in principle, like the present. The two daughters of testator and their husbands, and the only child of one of the daughters, were parties, and the only persons in being having an interest in the subject-matter. See, also, Story’s Eq. Pl., sec. 145, and notes.
We are of opinion, therefore, there was no error in dismissing the cross-bill, and affirm the decree.