## HURST *v.* WILSON.

### (*Knoxville.*    October 14, 1890.)

1. RULE IN SHELLY'S CASE.    *History and statement of rule in Tennessee.*

   Before its repeal by Acts 1851–52 (Code, §2814 M. & V.) the rule in Shelly's case was in force in Tennessee, and is thus stated by our Courts: "Whenever the ancestor by any gift or conveyance takes an estate of freehold in lands or tenements, and in the same gift or conveyance an estate is afterwards limited by way of remainder to his heirs, or to the heirs of his body, the words 'heirs' or 'heirs of the body' are words of limitation of the estate carrying the inheritance to the ancestor, and not words of purchase creating a contingent remainder in the heirs." This rule is "not merely a rule of construction, but one of imperative obligation."

   Act construed: Acts 1851–52, Ch. 91 (Code, §2814 (M. & V.); §2008 (T. & S.).

   Cases cited and approved: Williams *v.* Williams, 11 Lea, 652; Polk *v.* Faris, 9 Yer., 209; Cooper *v.* Coursey, 2 Cold., 416; Woodrum *v.* Kirkpatrick, 2 Swan, 224.

2. SAME.    *Example of will that falls within this rule.*

   The devise falls within the rule in Shelly's case, and vests an estate in fee in the first taker, where the testator died in 1844, leaving a will containing this provision: "I will and bequeath to my son, Russell Hurst, my Cate tract of land during his life-time, and at his death I desire the same to go to the heirs of said Russell; and in consideration thereof he is to pay a debt I am owing the bank for said tract of land."

### FROM M'MINN.

Appeal from Chancery Court of McMinn County. W. H. DeWitt, Sp. Ch.

W. L. HARBISON for Hurst.

BURKETT, MANSFIELD & TURLEY, SAM EPPS YOUNG, DAVID C. YOUNG, and C. D. CLARK for Wilson.

LURTON, J. Elijah Hurst died in 1844, leaving a will, the fourth clause of which is as follows: " I will and bequeath to my son, Russell Hurst, my Cate tract of land during his life-time, and at his death I desire the same to go to the heirs of said Russell; and in consideration thereof he is to pay a debt I am owing the bank for said tract of land." This land was sold and conveyed in fee by Russell Hurst to the ancestor of defendants. Russell Hurst having lately died intestate, complainants, who are his children, or the representatives of children, bring this bill to recover as remainder-men under the will of Elijah Hurst. The defendants have demurred, upon the ground that under the will Russell Hurst took the absolute fee.

The question is governed by the rule in Shelly's case. The Act of 1851–52, repealing the rule in this State, was subsequent to the death of the testator, and the will must be therefore construed by the law as in force before the repeal of the rule in Shelly's case. *Williams* v. *Williams*, 11 Lea, 652.

That the rule in Shelly's case was law in this State before our Act of 1851–52, is well settled. *Polk* v. *Faris*, 9 Yer., 209; *Cooper* v. *Coursey*, 2 Cold., 416.

This rule was, as has been observed by Mr. Washburn in his work upon real estate, "not merely a rule of construction, but one of imperative obligation."

Every circumstance necessary to concur in order to bring into operation this rule of property is found in this will. Under it an estate for life, which is a freehold estate, is vested in the ancestor of complainants. By the same assurance the remainder is limited to the "*heirs*" of the first taker. The estate devised to each is of the same quality, both estates being legal estates. The rule as stated by this Court is this: "Whenever the ancestor by any gift or conveyance takes an estate of freehold in lands or tenements, and in the same gift or conveyance an estate is afterwards limited by way of remainder to his heirs, or to the heirs of his body, the words 'heirs' or 'heirs of the body' are words of limitation of the estate carrying the inheritance to the ancestor, and not words of purchase creating a contingent remainder in the heirs." 9 Yer., 209.

There is nothing favorable to the complainants in the fact that the testator charges the devisee with the payment of purchase-money due for the land. This does not convert it into a bargain and sale, and is the ordinary method of charging a devise or a legacy with a burden in favor of another. This circumstance, if of any weight, would rather tend to show that the testator intended to devise an estate in fee to his son rather

than a mere estate for life. The case is governed by *Polk* v. *Faris*, 9 Yer., 210; *Woodrum* v. *Kirkpatrick*, 2 Swan, 224, and *Williams* v. *Williams*, 11 Lea, 652. We see nothing to justify us in taking it out of the well-settled law as administered before the abolition by statute of the ancient rule laid down in Shelly's case.

Russell Hurst took an estate in fee, and his deed operated to pass the fee to his vendee, the ancestor of defendants.

The decree overruling the demurrer must be reversed, the demurrer sustained, and the bill dismissed with costs.