## WILSON *v.* BOGLE.

### (*Knoxville.* September 24, 1895.)

1. PARTITION. *Sale for ordered, when.*

A tract of mountain land, containing five thousand acres, and valuable chiefly for its timber and minerals, is not susceptible of equitable or advantageous partition in kind, and will be ordered sold for that purpose, as being manifestly for the interest of the owners, when the minerals and water are almost exclusively on one end of the tract, and the minerals undetermined in extent and value. (*Post, pp. 291–294.*)

Code construed: § 4024 (M. & V.); § 3293 (T. & S.).

Cases cited and approved: Reeves *v.* Reeves, 11 Heis., 673; 55 Iowa, 235; 7 N. W. Rep., 523; 6 Paige, 545; 25 Miss., 760; 73 Ill., 405.

2. CHANCERY APPEALS. *Concurrent findings of Master and Chancellor.*

The concurrent finding of Master and Chancellor upon controverted questions of fact is entitled to the weight of the verdict of a jury, and the Court of Chancery Appeals errs by setting aside such finding, where there is any evidence to sustain it, and recommitting the matter for the taking of further evidence. (*Post, p. 295.*)

---

FROM BLOUNT.

---

Appeal from Chancery Court of Blount County. HENRY R. GIBSON, Ch.

C. T. CATES, SR., and TEMPLETON & CATES for Wilson.

Wilson *v.* Bogle.

SAM P. ROWAN and McTEER & GAMBLE for Bogle.

McALISTER, J. The bill in this cause was filed in the Chancery Court of Blount County for the purpose of procuring a decree for the sale for partition of five thousand acres of mountain lands, situated in that county. There was an order of reference to the Master directing him to hear proof and report, *inter alia,* "whether the premises are so situated that partition thereof cannot be made, or whether they are of such description that it would be manifestly to the advantage of the parties that the same should be sold instead of partitioned." Proof was taken, and the Master reported as follows:. "I report that the lands, being principally valuable for its minerals and timber, and the minerals and water being almost exclusively on one end of the tract, and the minerals being undetermined in extent and value, no equitable or advantageous partition thereof can be made, and that it would be manifestly to the advantage of all the parties that the same should be sold instead of partitioned." Defendants excepted to this report, but, on the hearing, the Chancellor overruled the exceptions, confirmed the report, and ordered the land sold. The defendants appealed, and, upon a hearing by the Honorable Court of Chancery Appeals, the decree of the Chancery Court of Blount County was reversed. The cause is now before this Court upon the appeal

of complainants. The first assignment of error is that the decree of the Chancellor should have been affirmed, because of the concurrent finding of the Master and Chancellor upon a controverted question of fact.

The Court of Chancery Appeals was of opinion that the Master and Chancellor had drawn an erroneous conclusion of law from the facts stated in the report. In the opinion of that Court, the facts, as stated by the Master, "that the land is principally valuable for its timber and minerals, and the minerals and water are almost exclusively on one end of the tract, and the minerals are undetermined in extent and value, furnish no sufficient reason why the land should be sold instead of partitioned in kind."

We differ with the Court of Chancery Appeals, and think that, upon the postulate stated, the land would not be susceptible of an equitable apportionment in kind, and would present a case where it would be manifestly to the interest of all parties that the division should be made by sale.

It is true, that each tenant in common of land has a right to a partition of the premises, except where such partition is impracticable, or where, from the situation of the premises, a sale would be manifestly advantageous to all the parties interested. *Reeves* v. *Reeves*, 11 Heis., 673.

"Actual partition," says Mr. Freeman in his work on Cotenancy and Partition, "was, by the common law, a matter of absolute right, irrespective of the

fact whether the partition would prove beneficial or ruinous. . . The object of the statutes authorizing a sale, was to obviate the manifest hardship and even destruction which arose in some cases in making a division of property." Freeman on Cotenancy and Partition, §§ 539-542. However, as stated by Mr. Freeman, "a sale will not be ordered without good cause being shown. It is not sufficient that some, or even a majority, of the cotenants prefer a sale to a partition. The applicants for a sale must show the existence of such a state of facts as, under the statute, will be sufficient to rebut the presumption of law that each of the parties is entitled to an actual partition. The onus is always on him who seeks a sale. . . The mere fact that the land may be divided into equal parts, and thus partitioned equally among the cotenants, is not conclusive that a sale should not be ordered."

"If, by a partition, the value of all the shares would be much less by reason of the partition than the value of the whole tract, . . a partition would be manifestly inequitable, and a sale would be decreed." *Branscomb* v. *Gillian*, 55 Iowa, 235; 7 N. W. R., 523.

"The true question," said Chancellor Walworth, "to be decided by the Master, under the statute, is whether the whole property, taken together, will be greatly injured or diminished in value, if separated into parts in the hands of different persons, according to their several rights and interests in the whole;

in other words, whether the aggregate value of the several parts, when held by different individuals in severalty, would be materially less than the whole value of the property if owned by one person." *Claison* v. *Claison*, 6 Paige, 545.

A sale must be decreed, when necessary to enable the Court to divide the property upon the principle that "equality is equity." *Higginbottom* v. *Short*, 25 Miss., 160; 57 Am., 198.

A mine must necessarily be partitioned through the instrumentality of a sale. *Lenfers* v. *Henks*, 73 Ill., 405.

So, we think, that in a case where it appears, as stated by the Master, that the lands are principally valuable for its minerals and timber, and the minerals and water are almost exclusively on one end of the tract, and the minerals are undetermined in extent and value, and that no equitable or advantageous partition thereof can be made, it would be manifestly to the advantage of all the parties that the same should be sold. When the conditions prescribed by the statute authorizing a sale instead of a partition are found to exist or affirmatively appear, then a sale is a matter of absolute right. This is evident from § 4024 (M. & V. Code), which provides that any person entitled to a partition of premises, is equally entitled to have such premises sold for division in the following cases: First, if the premises are so situated that partition thereof cannot be made; second, where the premises are of such

description that it would be manifestly for the advantage of the parties that the same should be sold instead of partitioned.

We have in this case a concurrent finding of the Master and Chancellor upon the facts, which, under the uniform and well-established practice of this Court, is entitled to the same weight as the verdict of a jury. The conclusion to be drawn from those facts, and whether they authorize a sale, is, of course, a matter of law. We are constrained to believe that, upon the facts found, the conclusion of law drawn by the Chancellor was fully warranted. It further appears, that the Court of Chancery Appeals ordered that the cause be remanded to the Chancery Court of Blount County for the appointment of commissioners, who should examine the premises and report upon the practicability of a partition in kind. This reference was ordered for the purpose of acquiring additional light upon the subject, and because the Court was not satisfied with the concurrent finding of the Master and the Chancellor upon the facts. We think this reference was manifestly erroneous, because in contravention of the rule that the finding of the Master and Chancellor upon controverted questions of fact, is entitled to the weight of the verdict of a jury.

The decree of the Court of Chancery Appeals is reversed, and the decree of the Chancery Court of Blount County is affirmed.