Rutherford v. Rutherford.

.RUTHERFORD et al. *v.* RUTHERFORD et al.

(*Jackson.* April Term, 1906).

1. **WILLS. Owners of contingent remainder determined upon happening of contingency, when.**

Where testator devised certain property to two nieces, one-half to each, for their sole and separate use, during their natural lives, with remainder over to their respective heirs and expressly stipulated that if either should die without children, "the share of one so dying shall go to the survivor, or the children surviving," it was *held* that the owners of the contingent remainder so created could not be determined until the death of both life tenants.

2. **PARTITION. Contingent remaindermen not entitled to.**

There can be no partition, or sale for partition, among contingent remaindermen.

Case cited and approved: Land Company v. Hill, 87 Tenn., 589.

3. **SAME. Statutes relating to, are in pari materia.**

The statutes of this State relating to and providing for partition in kind and sale for partition are *in pari materia* and should be construed together.

4. **SAME. Sale for, at suit of life tenants, when for benefit of whole estate, notwithstanding existence of contingent remainder.**

Where it is shown to be for the manifest interest of the parties owning the entire estate, a sale of the whole estate for partition at the suit of life tenants is authorized by statute, notwithstanding the existence of a contingent remainder.

Code cited and construed: Sections 5010, 5020, 5040, 5042, 5070 (S.); 3993, 4003, 4022, 4024, 4052 (M. & V.); 3262, 3272, 3291, 3293, 3321 (1858).

Rutherford v. Rutherford.

Cases cited and approved: Freeman v. Freeman, 9 Heisk., 301; Parker v. Peters, 2 Tenn. Cas., 639; Reeves v. Reeves, 11 Heisk., 674; Wilson v. Bogle, 95 Tenn., 290; Ridley v. Halliday, 106 Tenn., 607.

**5. SAME. Same. Distribution of proceeds.**

In such case the life estate should be valued and paid to the life tenants and the residue, belonging to the contingent estate, should be invested under the order of the court for the benefit of the persons ultimately entitled to the possession of that estate.

Code cited and construed: Sections 5056 (S.); 4038 (M. & V.); 3307 (1858).

**6. SAME. Same. Expense for benefit of whole estate paid out of gross fund, when.**

Where in order to make an advantageous sale of lands in partition proceedings it was necessary for the life tenants petitioning therefor to expend considerable sums to obtain the surrender of possession by certain lessees, the life tenants were entitled to an allowance for their outlay out of the aggregate fund.

**7. SAME. Same. Real estate agent's commissions.**

But in such case, commissions due to a real estate agent should not be paid out of the fund arising from the sale, but by those who employed such agent.

---

## FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County.— F. H. HEISKELL, Chancellor.

EDGINGTON & EDGINGTON, for complainants.

GEORGE H. GILLHAM, for defendants.

MR. JUSTICE NEIL delivered the opinion of the Court.

In the year 1897 one Frederick Volmer made and published his last will and testament, which contained the following provisions:

"I give, devise, and bequeath all the residue of my property, real and personal and mixed, to my nieces, Lula D. Rutherford, wife of J. R. Rutherford, and Josephine Hampe, to their sole and separate use free from the debts, contracts, control, or marital rights of the said J. R. Rutherford, or of any said husband either of said nieces shall have hereafter; said nieces to have the use and benefit of said property, half to each, for and during their natural lives and then to their respective heirs to have their own half.

"What I mean to say is that if either of these nieces shall die without children, the share of the one so dying shall go to the survivor or the surviving children."

The two nieces mentioned in the will are the complainants in the present bill. Mrs. Rutherford has several children, all minors, Josephine Hampe, after date of the will, intermarried with Frank O'Conner. She has no children.

Mr. Volmer left several tracts and lots of land which passed under the will; none of these, however, need be specially referred to herein except the tract of sixty-three acres lying near the city of Memphis.

Prior to the present proceeding a bill was filed by J. W. Winkler, as guardian of the children of Mrs. Ruther-

116 Tenn.—25

ford, against the said children and Mrs. Rutherford and Mrs. O'Conner, for certain purposes which need not be specially mentioned here. The result of that litigation, so far as concerns the present controversy, was that the children or the estate represented by them, acquired free of the life estate five acres undivided, or as it is otherwise expressed in the decree of that case, five sixty-thirds of the sixty-three acres. That proceeding is not before us; we have only its results.

The original bill in the present case was filed by the two life tenants against the children of Mrs. Rutherford and their guardian, G. W. Winkler, to have the sixty-three acres sold for partition or division of proceeds.

The chancellor, after hearing evidence, accepted and confirmed an offer of $1,200 per acre for seven and one-half acres of the sixty-three acres, but in his decree of confirmation reserved the question as to whether the sale should be treated as one under the law of partition or as a sale purely for reinvestment.

Subsequently an amended bill was filed by complainants in a double aspect treating the proceeding both as one instituted to effect a partition by means of sale and as seeking to make a sale for reinvestment. Under this bill the chancellor confirmed the sale to A. B. Nickey & Sons, the persons who had made the offer above mentioned, as a sale made for reinvestment. He held that the estate was such that the statutes concerning partition and sale for partition did not apply.

Rutherford v. Rutherford.

Complainants made application to have their life estate valued and paid out to them. This was declined by the chancellor.

From this decree the first special appeal was prayed by complainants; subsequently another special appeal was prayed, and is now before us, but at present we shall consider only the one which we have specifically mentioned.

· The question suggested turns on the point as to whether the interests were such that they could be made the subject of a sale for partition.

Of course there could be no partition or sale for partition among the remaindermen, because their rights are purely contingent. The children of Mrs. Rutherford have no vested interest in the property. It is impossible to say at this date who will be the ultimate owners of the remainder. This cannot be determined until the death of both Mrs. Rutherford and Mrs. O'Conner. If Mrs. O'Conner should die without children leaving her sister Mrs. Rutherford surviving her, we think under a true construction of the will Mrs. O'Conner's half interest would go to Mrs. Rutherford. If Mrs. Rutherford should die without children her interest would go to Mrs. O'Conner. If either should die leaving children, the interest of that one would go to her children. If one should die without children after the death of the other, who had died leaving children, the share of the one so dying without children would go to the surviving children of the other. Of course it would be impossible to

partition or make sale for partition among interests so uncertain as to the person who shall ultimately take. *Land Company* v. *Hill et al.,* 87 Tenn., 589, 610, 611, 11 S. W., 797.

But this does not prevent the life tenants from having a partition or a sale for partition. Our statutes upon the subject contemplate the existence of contingent estates which cannot be made the subject of partition or of sale for division, and provide for the enforcement of the rights of others, notwithstanding the existence of such contingent estates. The sections of the Code upon the subject of partition in kind and of sale for partition are *in pari materia,* and must be construed together.

In section 5042 of Shannon's Code, it is provided that any person entitled to a partition of premises under the preceding sections shall be equally entitled to have the premises sold for division, if they are so situated that partition cannot be made, or if they are of such a description that it would be manifestly for the advantage of the parties that they should be sold instead of partitioned.

In section 5010 the right of partition is given along with other persons, to the hoders of life estates.

In section 5020, it is provided in respect of the petition as follows:

"In case any one of more of such parties or the share or quantity of interest of any of the parties be unknown to the petitioner, or be uncertain or contigent, or the ownership of the inheritance shall depend upon an exe-

Rutherford v. Rutherford.

cutory devise, or the remainder shall be a contingent remainder, so that such parties cannot be named, the facts shall be set forth in such petition."

In section 5040, it is enacted that the partition is conclusive "on all parties named in the proceedings who have at the time any interest in the premises divided, as owners in fee or as tenants for years or as entitled to the reversion, remainder, or inheritance of such premises after the termination of any particular estate therein; or who, by any contingency in any will, conveyance, or otherwise, may be or may become entitled to any beneficial interest in the premises; or who shall have any interest in any individual share of the premises, as tenants for years, for life, by the curtesy, or in dower."

In section 5070, referring to the subject mentioned in section 5020, it is said under the article headed: "Disposition of proceeds of sale," that: "Where any of the persons are absent from the State, are without legal representatives in this State, or are not known or named in the proceedings, the court will direct the shares of such parties to be invested in permanent securities at interest, for the benefit of such parties, until claimed by them or their legal representatives."

It is held in *Freeman* v. *Freeman*, 9 Heisk., 301, that the existence of such contingent interests will not prevent a sale for division of proceeds. It was held in that case that the persons in being in whom the contingent remainder would become a vested estate, if the life estate should fall in during the pendency of the proceedings,

would represent the ultimate contingent remaindermen under the theory of virtual representation. See, also, *Parker* v. *Peters,* 2 Tenn. Cas., 636; *Ridley* v. *Halliday,* 106 Tenn., 607, 61 S. W., 1025, 53 L. R. A., 477, 82 Am. St. Rep., 902.

No injury could be sustained by the contingent remaindermen, by a sale for division, because there could be no sale, unless it should be made to appear that it would be for the benefit not only of the life tenants, but of the whole estate. *Reeves* v. *Reeves,* 11 Heisk., 674; *Wilson* v. *Bogle,* 95 Tenn., 290, 293, 294, 32 S. W., 386, 49 Am. St. Rep., 929.

It is also to be observed that a sale for partition may be made not only where the land is of such a description that it cannot be partitioned in kind, but also where the land is so situated that it would be manifestly for the advantage of the parties that it should be sold instead of partitioned. In view of this principle it was held in *Wilson* v. *Bogle,* supra, that a tract of one thousand acres should be sold for division of proceeds rather than partitioned among four persons, because it was suitable only for mining, and the water and the timber were so located upon the land with respect to each other that it would be best that one person should own the whole tract. So in the present case, it was shown in the court below that the land was so situated in respect of its location, near two lines of railway as that it would be most advantageous to the parties that it should be sold in small parcels for factory purposes. It

Rutherford v. Rutherford.

was shown, in substance, that if it should be partitioned it could not be used to advantage. It was also shown that there was, when the proceedings were instituted, an active demand for this class of property for factory purposes, and that this demand will probably continue for a time, and should be taken advantage of.

From what has been said it is apparent that a sale for partition can be very properly made under such a state of facts as shown in this record, notwithstanding the existence of a contingent estate. The sale under such circumstances would be really for the purpose of enabling the life tenants to obtain partition and enjoyment of their estate and for the reinvestment of such portion of the proceeds as should belong to the contingent estate.

It is provided in section 5056 of Shannon's Code, that the life estate may be valued and paid over to the life tenant. We are of opinion, therefore, that the sale for division of proceeds was proper in the present case, and that the cause should be remanded to the chancery court of Shelby county to the end that the share of the two life tenants may be valued and paid out of them, and that the residue of the fund, that belonging to the contingent estate, should be kept in court and invested in permanent securities for the benefit of such person or persons as may ultimately become entitled to that estate in possession when the contingency on which it turns shall be ascertained by the happening of the event. We are of opinion that future sales in this case should be treated in the same way.

The other special appeal referred to is based upon the following facts: The seven and one-half acres was rented as a part of thirty-three and one-half acres. In order to induce the three persons who had the land rented, John Robilio, Casone Francisco, and Brusi Guiseppa, to surrender their lease on the land, the life tenants were compelled to make an allowance of $180 on the total rents and to pay $500 in cash. They ask reimbursement for this sum out of the aggregate fund. The sale of the seven and one-half acres at $1,200 per acre was worked up by two real estate agents in Memphis, I. F. Peters and H. C. Williamson Land Investment Company. Each of these persons claim $225, or an aggregate of $450, being five per cent. on the purchase price, as compensation for their services, as such real estate agents.

The complainants and the guardian *ad litem* consent that these two amounts should be allowed. The chancellor, however, disallowed them.

The sale was a very advantageous one. It could not have been made if the tenants had refused to surrender their lease. An effort was made to procure a surrender of the lease from them for a less sum, but this could not be effected. The alternative was then presented of paying the sum demanded or of allowing the sale to fall through. We think there could be no doubt of the wisdom of the parties in consenting to make the payment. We think it equally clear that this should be allowed out of the aggregate fund.

We are of opinion, however, that the claim of the two

Rutherford v. Rutherford.

real estate agents should not be allowed out of the fund. That expense must be taken care of by those who employed the agents referred to.

The result is that the chancellor's decree will be modified and reversed so as to conform to the above opinion, and the cause will be remanded for further proceedings.

The cost of the appeal will be paid out of the aggregate fund.