UNION RY. CO. v. THOS. W. CLIFTON *et al.*\*

(*Nashviilc.* December Term, 19£5.)

WILLS. Under devise to persons named for life, remainder to their
heirs, heirs take as purchasers on death of persons named (Acts
1851-52, chapter 91, section 1 [Shan. Code, section 3674]).

Under Acts 1851-52, chapter 91, section 1 (Shannon Code, section
3674), abolishing the rule in Shelley's case, a devise to persons
named for life, remainder to their heirs, creates but a life estate
in persons named, and the heirs take as purchasers under the will
on death of the persons named.

Acts cited and construed: Acts 1851-52, ch. 91, sec. 1.

Cases cited and approved: Nott v. Fitzgibbon, 64 S. W., 26; Bigley v.
Watson, 39 S. W., 525; Teague v. Sowder, 114 S. W., 484.

Case cited and distinguished: Polk v. Faris, 17 Tenn., 209.

Code cited and construed: Sec. 3674 (S.).

---

\*Headnote 1. Wills, 40 Cyc., p. 1603.

---

FROM SHELBY.

---

Appeal from the Circuit Court of Shelby County.—
HON. BEN L. CAPELL, Judge.

RANDOLPH & RANDOLPH, for appellants.

GEORGE P. DOUGLAS, guardian *ad litem;* for appellee.

MR. JUSTICE HALL delivered the opinion of the Court.

The question presented on this appeal grows out of
a petition filed by Thomas W. Clifton and his two chil-

dren, Thomas Edward Clifton and Lorena May Clifton, to have a certain fund now in the circuit court of Shelby county paid to them.

The application was heard upon an agreed statement of facts, and the question presented is one of law, to-wit, What is the proper construction of the devise made in the will of Edward Fitzgibbon of seventy acres of land to Thomas W. Clifton and his said two children?

Edward Fitzgibbon was the owner, at the time of his death, of three tracts of land situated near the city of Memphis, in Shelby county, Tenn., aggregating two hundred and ten acres. By his will he devised life interests in all three of said tracts to his wife, Honora, and to his son, James. Honora Fitzgibbon died many years ago.

After devising the life interests to his wife and son, the testator devised one seventy-acre tract to Thomas W. Clifton and his children in these words:

"I hereby will and bequeath the seventy (70) acres, more or less, lying west of the home place and the seventy acres before mentioned, to Thomas Clifton and his children for their lives, with remainder to their heirs, after the death of my wife and son, James Fitzgibbon."

Some time after the death of Edward Fitzgibbon, the Union Railway Company located its right of way across the Clifton seventy acres, and that company purchased from James Fitzgibbon his life interest in the land covered by its right of way. At that time no effort was made by the railway company to acquire the remainder interest in such right of way.

In 1922 the Union Railway Company filed its petition in the circuit court of Shelby county against Thomas W. Clifton and his children, Thomas E. and Lorena May,

and others, to condemn the remainder interest in its right of way located on the Clifton seventy-acre tract, the life estate in which it had previously purchased from James Fitzgibbon.

Thomas W. Clifton and his children answered the petition.

As the petition for condemnation was filed during the lifetime of James Fitzgibbon, it was not then certain as to who would be alive at his death to take the remainder interest. The petition, therefore, invoked the doctrine of virtual representation as to the ultimate owners of the remainder interest, and it prayed for the appointment of a guardian *ad litem* to represent such indefinite remaindermen.

A guardian *ad litem* was appointed, and he answered the petition.

Thereafter a judgment of condemnation was entered and a jury of view was appointed, which fixed the value of the remainder interest sought to be condemned at $10,900. The report of the jury of view was confirmed and the money was paid into court.

On April 30, 1925, James Fitzgibbon died. Thereupon Thomas W. Clifton and his two children, both of whom are adults, filed the petition herein to have it adjudged that the fund then in court belonged to them absolutely, and to have said fund paid to them on the ground that, at the death of James Fitzgibbon, under a proper construction of the will of Edward Fitzgibbon, they became the absolute and exclusive owners of said fund.

The petition was heard by the court upon an agreed statement of facts, as before stated, and was dismissed at the cost of petitioners.

From this judgment petitioners have appealed to this court and assigned errors.

The trial court held that, under a proper construction of the clause of the will of Edward Fitzgibbon, herein-before quoted, the petitioners took only life estates in said seventy acres, from which said fund arose, on the death of James Fitzgibbon, and that the remainder in said seventy acres was given to the heirs of petitioners as a class, such class to be determined upon the death of the last survivor of petitioners, and such remainder interest to become a vested interest in the members of such class upon the death of the last surviving life tenant.

In this holding it is insisted that the court erred. It is insisted that the court should have held that petitioners, upon the death of James Fitzgibbon, took the fee in said seventy acres, and were therefore the absolute and exclusive owners of the fund arising from a sale thereof, and were entitled to have the same paid to them.

The will of Edward Fitzgibbon was construed by this court in *Nott* v. *Fitzgibbon*, 64 S. W., 26, 107 Tenn., 54. In that case it was held that, under the paragraph hereinbefore quoted, a vested remainder for life was created in petitioners, with remainder to their heirs, which remainder for life would ripen into an estate in possession immediately on the death of James Fitzgibbon.

We think the question now presented in the instant case is settled by chapter 91, Acts 1851-52, section 1 (section 3674 of Shannon's Annotated Code), which reads as follows: "Where a remainder is limited to the heirs or to the heirs of the body of a person, to whom a life estate in the same premises is given, the persons who, on the termination of the life estate, are heirs or heirs of body

of such tenant, shall take as purchasers, by virtue of the remainder so limited to them.''

Before the enactment of the foregoing statute, the rule in Shelley's case was declared to be the law in this state, and it was enforced and followed until the enactment of said statute. *Polk* v. *Faris,* 17 Tenn., 209, 30 Am. Dec., 400; *Hurst* v. *Wilson,* 14 S. W., 778, 89 Tenn., 270. In the last case cited this court stated the rule as follows: ''Whenever the ancestor by any gift or conveyance takes an estate of freehold in lands or tenements, and in the same gift or conveyance an estate is afterwards limited by way of remainder to his heirs, or to the heirs of his body, the words 'heirs' or 'heirs of the body' are words of limitation of the estate carrying the inheritance to the ancestor, and not words of purchase creating a contingent remainder in the heirs.''

The enactment of chapter 91, Acts 1851-52, operated to abolish the rule in Shelley's case. *Hurst* v. *Wilson,* supra; *Bigley* v. *Watson,* 39 S. W., 525, 98 Tenn., 373, 38 L. R. A., 679; *Teague* v. *Sowder,* 114 S. W., 484, 121 Tenn., 154.

It was held in this last-cited case that, where a deed conveys a life estate to a person with remainder to his heirs, the heirs will, under the statute abolishing the rule in Shelley's case, take a remainder estate.

So we think, in the instant case, that those persons who are the heirs of petitioners, upon the falling in of their respective life estates, will be entitled to the fund arising from the sale of the seventy acres devised in the paragraph of the will of Edward Fitzgibbon, hereinbefore quoted.

A judgment will be entered here embodying this construction of said paragraph of Edward Fitzgibbon's will. The petition of Thomas W. Clifton and his children is dismissed, with costs.