CLAUDE DELK et al. v. McKINLEY WILLIAMS et al.

Middle Section. September 28, 1929.

Petition for Certiorari denied by Supreme Court, December 21, 1929.

Case & Wright, of Jamestown, for appellants, Williams et al.
John F. McNutt, of Rockwood, for appellees, Delk et al.

CROWNOVER, J. A purported transcript of the record in the above-styled cause was filed in the office of the clerk of this court, that is to say, the contents of said transcript, if it could be considered for any purpose, indicates that it is a transcript of the record of a case of the above style tried and determined in and by the chancery court of Fentress county and appealed in error by the unsuccessful defendants to this court, and assignments of error and briefs have been filed.

Upon an examination of the record we find that the transcript is not certified by the Clerk and Master or by any one else. The usual form of certificate appears at the conclusion of the transcript but at last the signature of the clerk, which alone can be effective, is not affixed.

We held in the case of Smartt v. Woodlee, 5 Tenn. Apps. Reps., 59, that: "A transcript of the record cannot be effective as such until duly certified by the clerk of the trial court." In this respect we followed an opinion by Presiding Justice Faw in the case of George W. Wright v. Elizabeth R. Eakin, Davidson County Equity, at the September term, 1923, in which he stated in that opinion:

"The Clerk and Master is the legal custodian of the records of the chancery court, and the only medium through which this court can know the contents of a record in that court, or can know that a case has been appealed from that court to this, is the certificate of the Clerk and Master. The filing of the purported transcript here in question and the entry of the case on the docket of this court was therefore inadvertent and without authority of law."

An order will be entered striking the case from the docket of this court. Under Shannon's Code, section 4957 the plaintiffs in error will be taxed with the cost accruing in this court but no cost will be taxed for making a transcript of the record. However, the plaintiffs in error or the Clerk and Master of Fentress county may withdraw said purported transcript from the files of this court for the purpose of properly bringing the case to this court if so desired.

## OPINION ON THE MERITS.

Since filing the foregoing opinion the parties have had the record properly certified and filed and have assigned errors, hence the suit is now before us on the merits.

This is an action of ejectment. The complainants alleged that they as remaindermen were the owners in feé and entitled to the possession of two hundred acres of land in Fentress county, composed of two tracts, since the falling in of the life estate on the death of Delilah Delk, on June 29, 1927, and alleged that the defendants Williams were in possession and had sold the valuable timber on said lands to the defendant Tennessee Stave & Lumber Co., which company had cut and removed much valuable timber from said tracts, and they prayed that their title to said land be established and that they be put into immediate possession of the same, and also asked for the rents and profits since the falling in of the life estate and for damages for waste.

The defendants denied that complainants were the owners of said property and entitled to any rents and damages, but insisted that the defendants Williams had title by conveyances and by adverse possession, and insisted that the defendant Tennessee Stave & Lumber Co. was entitled to the lumber by conveyances from the Williamses.

The case was tried by the Chancellor on depositions, documents and oral testimony, and he was of the opinion and decreed that the

complainants were the owners of said property and entitled to immediate possession, and referred the matter to the Master for a report as to the value of the timber cut and removed and also the value of the rents from the falling in of the life estate. The defendants prayed and were granted an appeal at this stage of the proceedings and have assigned errors in this court.

The facts necessary to be stated are, that one David Delk, on October 3, 1884, executed a deed conveying to his daughter, Delilah Delk, wife of Columbus Delk, three tracts of land, described by metes and bounds, located in Fentress county, the title to one of which tracts failed, but the other two tracts are those in controversy.

The deed, in part, is as follows:

"Know all men by these presents that I, David Delk, Sr., for the love and affection that I have for my daughter Deliley Delk wife of Columbus Delk that I have this day given to her a certain tract or pasel of land situated in Fentress county, Tenn., Dist. No. 8 on the water of Wolf River estimated at 200 acres, more or less bounded as follows:"

(Here follows description.)

"apart of the within described land I purchased of James Delk known as the R. V. Gray land, part of it was conveyed to me by the Clerk and Master of the Jamestown Chancery Court, and a part of it I purchased of Saly Miller, is known (now) in law in the United States Court between me and Pleasant Miller heirs in the event that I should gaine said land I want this to operate as a deed with the consideration hereafter mentioned and in the event I lose the land I give her the pro rata share of the judgment that I may recover against the Miller heirs, and in that event I desire my representative to purchase other land with it is expressly understood that if I ask for rent on the within land in my lifetime I am to receive the same the money take a deed to the land purchased to her for her use during her natural life and at her death to go to her bodily heirs, the other two tracts mentioned in this deed, I do forever warrant and defend the title to, with the following exceptions, to the said Deliley Delk duren her natral life, at her death to descend to her bodily heirs, against myself my heirs & assigns but is further except 5 acres of land around the Wm. Miller house for the use of Sary Delk during her life then at her death to go back to the said Deliley Delk and her heirs & said Deliley Delk has the privileges of moving in the Wm. Miller house off the 5 acres tract, this October the 3, 1884."

Delilah Delk and her husband went into possession of these two tracts, and on April 20, 1892, they obtained another quitclaim deed from David Delk to the same land, in which David Delk attempted to convey the property to them as tenants in common.

On March 26, 1894, Delilah Delk and her husband filed a bill in the chancery court of Fentress county against David Delk and three of their children, alleging that the property had been conveyed to them for their natural lives with a remainder to their children, and asked for a sale of said property for reinvestment, alleging that it was to the interests of all the parties that said land be sold for reinvestment. A pro confesso was taken against David Delk and a guardian ad litem was appointed and answered for the three minor Delk children. The cause was referred to the Master, who reported that it was manifestly to the interests of the parties that the property be sold for reinvestment. No sale was had, and at the next term of court an order was entered, showing that the complainants had moved the court to vacate the order of sale as no minimum price was placed on the property and that it appeared that the party with whom they had agreed to purchase land for reinvestment of the funds had declined to carry on the deal, hence it was not to the interest of the parties to sell said property for reinvestment. The court entered an order vacating the order of sale and adjudged the costs of the cause against the complainants, Delilah Delk and her husband, Columbus Delk. The order provided that they should have sixty days within which to pay in the costs, in default of which the Clerk and Master was directed to advertise and sell the land in payment of the costs. At the next term of court the Master reported that the complainants had defaulted in the payment of costs and that he had advertised and sold the two tracts of land to O. C. Conatser for $34, which report was confirmed by the court and the title was divested out of all the parties to the cause and vested in O. C. Conatser, and the Master was directed to execute to him a deed on demand. It does not further appear from the record that Conatser ever laid any claims to the property.

On April 2, 1895, Delilah Delk and her husband conveyed all of their right, title and interest in said two tracts to Philip Williams, who conveyed the same to his sons, and they have conveyed the tracts and different undivided interests in the same to the other defendants. And in 1893 the defendants Williams sold all of the merchantable timber on said tracts to the Tennessee Stave & Lumber Co., which company has cut and removed considerable timber off of said tracts.

On June 29, 1927, Delilah Delk died, leaving the complainants, who were her children and grandchildren, surviving her, and they have instituted this suit with the result above stated.

. Several errors were assigned, which raise only three determinative propositions, to the effect that the court erred:

"(1) In construing the deed of 1884· from David Delk to Delilah Delk, so as to give Delilah Delk a life interest and her bodily heirs the remainder interest in said property.

"(2) In decreeing that the statutes of limitation and adverse possession of the defendants was not effective as against the complainants.

"(3) In holding that the title to said property was not outstanding in O. C. Conatser."

After a careful examination of said deed from David Delk to Delilah Delk and the authorities on the subject, we are of the opinion that there is no error in the decree of the Chancellor.

1. Under the common law a conveyance like the one in controversy, "to the said Deliley Delk duren her natral life, at her death to descend to her bodily heirs," would come strictly under the rule in Shelley's Case, which has been declared to be:

"Where any person, by deed, will, or other writing, takes an estate of freehold, either legal or equitable, and in the same instrument there is a limitation by way of remainder, either with or without the interposition of an intervening estate of the same legal or equitable character, to his heirs or heirs of his body, as a class of persons to take in succession, the limitation to the heirs entitles the ancestor or first taker to the whole estate." Polk v. Faris, 9 Yerg., 231; Cooper v. Coursey, 2 Cold., 416, 417, 418; Shannon's Code, Sec. 3674, Note 4; 40 Cyc., 1602 to 1607; 3 Thompson on Real Property, Secs. 2170-2182.

A conveyance or devise to a woman "during the term of her natural life," and "to descend" to her heirs in equal portions, is governed by the rule in Shelley's Case, and the grantee takes an absolute title in fee. See, Thompson on Real Property, Sec. 2180; Waller v. Martin, 106 Tenn., 341, 61 S. W., 73; Stratton v. McKinnie, 62 S. W., 636.

But the rule in Shelley's Case was abolished in Tennessee by the statutes of 1851-52, Chap. 91, Sec. 1, which is as follows:

"Where a remainder is limited to the heirs or to the heirs of the body of a person, to whom a life estate in the same premises is given, the persons who, on the termination of the life estate, are heirs or heirs of body of such tenant, shall take as purchasers, by virtue of the remainder so limited to them." Shannon's Code, Sec. 3674.

The word "descend" in the Delk deed is not used in its technical sense, but means "to go to," as is evidenced by the direction in said deed to his representatives to invest the proceeds of the Miller tract in other land, and "take a deed to the land purchased to her

for her use during her natural life and at her death to go to her bodily heirs." See Adylett v. Swope, 1 Shannon's Cases, 451; Stratton v. McKinnie, supra. A conveyance or a devise to one for life and then to the heirs of her body, comes directly within the provisions of the above Code, Sec. 3674, and vests an estate for life in the first taker and the remainder at her death goes to her bodily heirs. See, Hurst v. Wilson, 89 Tenn., 270, 14 S. W., 778; Williams v. Williams, 1 Tenn. Chy., 306-9, 3 Bax., 55-9, 10 Heisk., 566-572.

Hence, we hold that there was no error in the decree of the Chancellor on this proposition, as Mrs. Delilah Delk took only a life estate and the remainder interest went to her bodily heirs, the complainants in this suit.

2. The insistence that the defendants' title was perfected by the statutes of limitation and adverse possession is not good, because the possession of the defendants could not be adverse to the rights of the remaindermen until the falling in of the life estate, which occurred upon the death of Mrs. Delilah Delk on June 29, 1927. See, Hall v. Gossum, 144 Tenn., 1, 228 S. W., 1039; Southern Ry. Co. v. Jennings, 130 Tenn., 456, 171 S. W., 82; Smith v. Cross, 125 Tenn., 173, 140 S. W., 1060; Carver v. Maxwell, 110 Tenn., 75, 71 S. W., 752; Wilson v. Schaefer, 23 Pickle, 320, 64 S. W., 208; Johnson v. Covington, 148 Tenn., 47, 66, 251 S. W., 893.

3. The contention that the title to this property in controversy is outstanding in O. C. Conatser has given us some concern.

One may rely on an outstanding title without pleading it. Bleidorn v. Pilot Mountain C. & M. Co., 89 Tenn., 166, 15 S. W., 737; Woods v. Bonner, 89 Tenn., 416, 18 S. W. 67.

As before stated in this opinion, Delilah Delk and her husband filed a bill against David Delk and three of their children, seeking to sell the property in controversy for reinvestment, but the decree ordering sale was vacated as it was not manifestly to the interest of the parties that the sale be had. By an examination of that decree it will be seen that the costs of the cause were adjudged against the complainants, Delilah Delk and her husband, Columbus Delk, and they were given sixty days in which to pay the costs. In default of which, the Master was ordered to sell the land. At the next term of court the Master reported that the costs had not been paid and that he had advertised and sold the property to O. C. Conatser for $34. The sale was confirmed, title of all the parties divested and invested in O. C. Conatser. Thus the matter has stood for twenty-four years. So far as the record shows Conatser never has attempted to take possession or to exercise any actual ownership. Some of the complainants were made defendants in that case.

This being an ejectment suit the complainants cannot recover where there is a valid outstanding title, but after carefully examining the record in that case, we are of the opinion that the chancery court had no jurisdiction to sell the remainder interest in the tracts of land in controversy for the costs of the cause and that the sale is absolutely void.

The chancery court has general jurisdiction of the sale of lands for partition, but it may be exercised only in certain cases set forth in the law, and where not authorized, the decree is a nullity. Jordan v. Jordan, 145 Tenn., 447, 239 S. W., 423.

Where it is shown to be for the manifest interest of all the parties owning the entire estate, a sale of the whole estate for partition with the life tenants and for reinvestment, is authorized by statute, notwithstanding the existence of a contingent remainder. But if it is not manifestly for the interest of the minor remaindermen that the sale be had for reinvestment, then the court has no jurisdiction and the sale is void. See Rutherford v. Rutherford, 116 Tenn., 383, 92 S. W., 1112; Jordan v. Jordan, 145 Tenn., 378, 239 S. W., 423; Shannon's Code, Secs. 5010, 5020, 5040, 5042 and 5070; McConnell v. Bell, 121 Tenn., 198, 114 S. W., 203.

We are of the opinion that the record, the pleadings and decree show on their face that it was not to the interest of the minors to sell said land, as the costs had not been decreed against them, hence we hold that the sale to Conatser was void for want of jurisdiction, and as it was so shown on its face it is subject to collateral attack. Jordan v. Jordan, 145 Tenn., 457-8, 239 S. W., 423; Chickamauga Trust Co. v. Lonas, 139 Tenn., 228, 201 S. W., 777.

It results that all of the assignments of error must be overruled and the decree of the Chancellor affirmed. The cause will be transferred to the chancery court of Fentress county for further proceedings on the reference made by the Clerk and Master. The costs of the appeal are adjudged against the appellants and the surety on their appeal bond, for which execution may issue. The costs of the cause in the court below will await the final termination of the suit.

Faw, P. J., and DeWitt, J., concur.