Louis Fehringer, Appellant,

*v*

Ellen Jane Fehringer, et al., Appellees.

367 S.W. 2d 781.

*(Jackson,* April Term, 1963.)

Opinion filed May 10, 1963.

J. Howell Glover, Union City, for appellant.

Miles & Miles, Union City, for appellees.

Mr. Justice Dyer delivered the opinion of the Court.

On November 4, 1960 Appellant Louis Fehringer filed his original bill against Appellees, Ellen Jane Fehringer, Vincent D. Fehringer and Marie Hartman alleging under the will of his father, Anthony L. Fehringer, deceased, he has certain interests as tenant in common in a 73 acre farm in Obion County with Appellees, whose rights and

interest in said farm would also be determined by the will of Anthony L. Fehringer, deceased. The bill prays the rights of the parties in this farm be determined and the land sold for division. There were other parties made defendants in the original bill not necessary to note here on appeal.

On December 13, 1960 Appellees demurred to the bill, which was overruled by the Chancellor with leave to rely on same in their answer. Whereupon the Appellees answered the bill denying the allegations in the bill at issue here on appeal.

The parties stipulated Anthony L. Fehringer died testate in 1933 survived by two sons, Louis Fehringer and Anthony J. Fehringer, and two grandchildren, Vincent D. Fehringer and Marie Hartman the children of testator's son, John Fehringer who died in 1931. That Anthony J. Fehringer died in 1949 survived by one child, Ellen Jane Fehringer. That Louis Fehringer is 77 years of age, married and has never had any children.

On August 5, 1961 Appellant gave notice he would appear before the Chancellor at Chambers on September 4, 1961 to make application for the construction of the will of Anthony J. Fehringer, deceased. On February 21, 1962 Appellant petitioned the Court to make and file a finding of fact to the end Appellant might know whether it was necessary to take proof or not.

By decree of April 10, 1962 the Chancellor construed the will and dismissed the cause. The Chancellor found under this will Anthony J. Fehringer and Louis Fehringer each took a one-half undivided interest in this farm for and during their respective lives only. That upon the death of Anthony J. Fehringer his only child,

Ellen Jane Fehringer became the owner in fee simple of a one-half undivided interest in this farm. That the owners in remainder to that one-half undivided interest in which Louis Fehringer now has a life estate cannot now be ascertained and such will be the case until the event of the death of Louis Fehringer. The Chancellor further found Louis Fehringer as a life tenant is not entitled to have this property sold for partition.

██ The cardinal rule in the construction of all wills is that the court shall seek to discover the intention of the testator, and will give effect to it unless it contravenes some rule of law or public policy. That intention is to be ascertained from the particular words used, from the context, and from the general scope and purpose of the instrument. *First American National Bank v. Cole,* 211, Tenn. 213, 364 S.W.2d 875.

The will here is not complicated and we find no difficulty in ascertaining the intention of the testator. The will contains nine items, the two at issue copied below in this opinion. By these other seven items the testator has provided for payment of debts, given named personal property to his two sons and a grandson by name, and appointed an executor.

The Sixth and Seventh items of the will are as follows:

"SIXTH: I hereby give, devise and bequeath unto my two sons, Louis Fehringer and Anthony J. Fehringer, the following described real property situated in the County of Obion, State of Tennessee to-wit:

"Seventy five acre tract of land located and situated in Section 12, Route 1, Obion County, Tennessee, known as the Fehringer Farm,

to have and to hold for and during their natural life only and upon the death of either of my said sons their interest in the above described real property, I hereby, give devise and bequeath unto the heirs of his body _____

"SEVENTH: All the rest, residue and remainder of my estate, real, personal and mixed, wheresoever situated, of which I may be entitled at the time of my deceased, I give, devise and bequeath to my two sons, Louis Fehringer and Anthony J. Fehringer, share and share alike."

██ We think under the stipulated facts the Chancellor has correctly construed this will as it applies to this farm, and such construction does not contravene any rule of law or public policy. The principal argument advanced by Appellant is in regard to the vesting of the fee under his life estate. This matter at present is moot as Appellant is still living.

█ The holding of the Chancellor, Appellant as owner of a life estate is not entitled to have the property sold for partition is assigned here as error. It is true a life tenant in the whole of the premises cannot maintain a bill against the owners in remainder to sell land for partition. *Holt v. Hamlin,* 120 Tenn. 496, 111 S.W. 241; *McConnell v. Bell,* 121 Tenn. 198, 114 S.W. 203; *Chickamauga Trust Company v. Lonas,* 139 Tenn. 228, 201 S.W. 777, L.R.A. 1918D, 451. But in *Holt v. Hamlin* this Court said:

"It is clear that under section 3262 (Shannon's Code, sec. 5010) [now T.C.A. sec. 23-2101] the idea of a concurrent possession is also prominent—'any person having an estate * * * in lands and holding and being in possession thereof, as tenants in common or other-

wise with others' * * *. This idea of concurrent possession may be thus illustrated: Two or more persons holding in fee, which is the common case; two or more holding for life, and a third person holding a part of the same tract in fee *(Rutherford v. Rutherford,* 116 Tenn. 383-386, 92 S.W. 1112), two or more holding for years; one holding an undivided interest in fee, and another an undivided interest for life, with remainder to a third person in fee *(Freeman v. Freeman,* 9 Heisk. 301). Either one of the persons so situated may have a partition when the land is susceptible of it, or a sale for division when the requisites therefor are made to appear, subject to the qualification that, where the purpose of the bill is to effect a division between persons whose estates are less than a fee, a sale cannot be had of all the interests in the land unless it be made to appear that such sale would be beneficial to all. *Rutherford v. Rutherford,* supra.''

This court in the Holt case noted that there is a difference made between the case of one who holds an estate for life in any individual share of the premises, and one who owns such an estate in the whole of the premises. The former being bound and the later not bound. This clearly indicates that one who owns a life estate in the whole of the premises does not enter into the scheme of partition at all; that such one is neither entitled to its benefits or subject to its burden.

In the case of *Rutherford v. Rutherford,* 116 Tenn. 383, 92 S.W. 1112, this Court said:

''Of course there could be no partition or sale for partition among the remaindermen, because their rights are purely contingent. * * * (the remaindermen

in this case were contingent) * * * But this does not prevent the life tenants from having a partition or a sale for partition. Our statutes upon the subject contemplate the existence of contingent estates which cannot be made the subject of partition or of sale for division, and provide for the enforcement of the rights of others, notwithstanding the existence of such contingent estates. The sections of the Code upon the subject of partition in kind and of sale for partition are in pari materia, and must be construed together.

"In section 5042 of Shannon's Code [now T.C.A. sec. 23-2128], it is provided that any person entitled to a partition of premises under the preceding sections shall be equally entitled to have the premises sold for division, if they are so situated that partition cannot be made, or if they are of such a description that it would be manifestly for the advantage of the parties that they should be sold instead of partitioned. In section 5010 [now T.C.A. sec. 23-2101] the right of partition is given along with other persons, to the holders of life estates.

"In Section 5020 [now T.C.A. sec. 23-2110], it is provided in respect of the petition as follows:

" 'In case any one or more of such parties or the share or quantity of interest of any of the parties be unknown to the petitioner, or be uncertain or contingent, or the ownership of the inheritance shall depend upon an executory devise, or the remainder shall be a contingent remainder, so that such parties cannot be named, the facts shall be set forth in such petition.'

"In Section 5040 [now T.C.A. sec. 23-2126], it is enacted that the partition is conclusive 'on all parties

named in the proceedings who have at the time any interest in the premises divided, as owners in fee or as tenants for years or as entitled to the reversion, remainder, or inheritance of such premises after the termination of any particular estate therein; or who, by any contingency in any will, conveyance, or otherwise, may be or may become entitled to any beneficial interest in the premises; or who shall have any interest in any individual share of the premises, as tenants for years, for life, by the curtesy, or in dower.'

"In section 5070 [now T.C.A. sec. 23-2151], referring to the subject mentioned in Section 5020 [now T.C.A. sec. 23-2110], it is said under the article headed: 'Disposition of proceeds of sale,' that: 'Where any of the persons are absent from the state, are without legal representatives in this state, or are not known or named in the proceedings, the court will direct the shares of such parties to be invested in permanent securities at interest, for the benefit of such parties, until claimed by them or their legal representatives.' It is held in *Freeman v. Freeman,* 9 Heisk., 301, that the existence of such contingent interests will not prevent a sale for division of proceeds. It was held in that case that the persons in being in whom the contingent remainder would become a vested estate, if the life estate should fall in during the pendency of the proceedings, would represent the ultimate contingent remaindermen under the theory of virtual representation. See, also, *Parker v. Peters,* 2 Tenn.Cas. 636; *Ridley v. Halliday,* 106 Tenn. 607, 61 S.W. 1025, 53 L.R.A. 477, 82 Am.St.Rep. 902.

"No injury could be sustained by the contingent remaindermen, by a sale for division, because there could

be no sale, unless it should be made to appear that it would be for the benefit not only of the life tenants, but of the whole estate. *Reeves v. Reeves,* 11 Heisk. 674; *Wilson v. Bogle,* 95 Tenn. 290, 293, 294, 32 S.W. 386, 49 Am.St.Rep. 929.

■ Appellant holds a life estate in a one-half undivided interest in this farm. Appellee, Ellen Jane Fehringer, holds a one-half undivided interest in fee simple. The remainder in fee under the life estate of Appellant cannot be ascertained and is in fact a contingent remainder. Under these facts Appellant as a matter of law would have a right to maintain a suit to sell this land for partition; provided it is shown to be for the best interests of all parties holding either a vested or contingent interest in the property.

■ On April 10, 1962 Appellant moved the Court for leave to amend his bill, which was to the effect if he be not entitled to a sale, then the property be partitioned in kind. The Chancellor allowed the motion to be filed, but declined to permit the amendment and dismissed the suit without prejudice to the right of Appellant to bring a suit for partition in kind. The right to amend at this stage of the proceedings was within the discretion of the Chancellor, and further Appellant is in no wise prejudiced.

The decree of the Chancellor holding Appellant cannot as a life tenant maintain this suit to sell the property for division, and in dismissing the suit is modified in accordance with this opinion. The decree in all other respects is affirmed.

The cause will be remanded to the Trial Court for any further proceedings not inconsistent with this opinion. The cost in this Court will be paid by Appellees.