Anne Burrow, Appellant,

*v.*

John M. Haywood, Appellee.

466 S.W.2d 892

(*Nashville,* December Term, 1970.)

Opinion filed May 3, 1971

MacFarland, Colley, Blank & Jack, Columbia, for appellant.

Thomas E. Humphrey, Jr., Columbia, for appellee.

Mr. Justice Chattin delivered the opinion of the Court.

This is an appeal from the decree of the Chancellor sustaining the demurrer of appellee, John M. Haywood, to the bill of appellant, Anne Burrow. We affirm the action of the Chancellor in sustaining the demurrer.

Appellant filed the bill seeking a sale for partition of fifty-two acres of land with improvements thereon located in Maury County.

The bill alleged she was the owner of a life estate in the entire premises and appellee was the owner of the remainder interest of same by virtue of the will of Mrs. Selma Burrow, Deceased.

Appellant alleged the property was not susceptible of partition in kind and it was to the best interest of the parties the property be sold and the proceeds divided according to the rights and interests of the parties.

The prayer of the bill is for a determination of the rights and interests of the parties to the property; and that the property be sold and the proceeds divided between the parties according to their respective interests.

Appellee demurred to the bill on the ground a life tenant of the whole property could not force a partition sale against the owner of the remainder interest.

Appellant assigns as error the action of the Chancellor in sustaining the demurrer.

Appellant frankly admits this Court has construed T.C.A. Section 23-2101 to mean a life tenant of the whole of the premises sought to be partitioned cannot maintain a bill against the owner of the remainder interest to force a sale of same for partition.

However, appellant argues there is no language in the statute which prohibits a life tenant of the whole property from maintaining such an action to force a sale.

T.C.A. Section 23-2101 provides:

"Any person having an estate of inheritance, or for life, or for years, in lands, and holding or being in possession thereof, as tenant in common or otherwise, with others, is entitled to partition thereof, or sale for partition, under the provisions of this Chapter."

We disagree. The statute plainly states a life tenant in lands "and holding or being in possession thereof, as tenant in common or otherwise, with others, is entitled to partition thereof, or sale for partition * * *."

Unambiguous statutes must be construed to mean what they say. *Montgomery v. Hoskins,* 222 Tenn. 45, 432 S.W.2d 654 (1968).

294

■ Appellant is not holding or in possession of the property with appellee. In other words, there is no concurrent holding or possession of the parties. Therefore, appellant, the owner of a life estate in the entire property, does not enter into the scheme of partition against the wishes of appellee. *Holt v. Hamlin*, 120 Tenn. 496, 111 S.W. 241 (1908); *Fehringer v. Fehringer*, 212 Tenn. 75, 367 S.W.2d 781 (1963).

Appellant points out in the case of *Fehringer v. Fehringer*, supra, this Court held a life tenant in a one-half undivided interest in a farm could maintain an action for partition against the owner of the fee of a one-half interest in the same farm.

Counsel for appellant must agree there was a concurrent holding or possession of the farm by the parties to that suit.

Nevertheless, appellant insists there is no logic to the reasoning a life tenant in a one-half undivided interest in a tract of land can maintain an action for partition against the owner of a one-half undivided interest in the same tract. And a life tenant in the whole tract cannot force partition against remaindermen.

In support of this argument, appellant states:

"If there was any logic in such a situation in years gone by, then there is certainly no logic to support it today. I assume that originally the idea was to keep the title in land in such a condition so that the widow or the life tenant, whoever he or she may be, could not sell it. Today, however, it is often far more advantageous to the widow, or to the life tenant, as in this case, that she be allowed to sell it, and to have her interest

figured mathematically so that she can at least benefit from her life estate.''

The fallacy in this argument is there is no law of which we are aware that prohibits a life tenant of a whole tract of land from selling such interest privately. As we have pointed out herein, the statute is unambiguous. To construe it as insisted upon by appellant, we would have to give it another meaning, which may not be done by judicial construction. *Henry v. White,* 194 Tenn. 192, 250 S.W.2d 70 (1952).

The Chancellor's decree is affirmed at the cost of appellant.

DYER, CHIEF JUSTICE, and CRESON, HUMPHREYS and McCANLESS, JUSTICES, concur.