H. T. EASTERLY, Admr. et al., v. MRS. ELLA HAUN, et al.

Eastern Section.    May 21, 1927.  ,

No petition for Certiorari was filed.

1. Appeal and error.    Upon appeal where the evidence is not shown in the record it will be presumed there was sufficient evidence to support the decree of the court below.

Where the record of the court below stated that after consideration of the matters alleged and hearing of evidence and arguments of counsel, the court found facts sufficient to justify the appointment of a receiver and the record did not show the evidence before the lower court, held that on appeal it must be assumed there was sufficient evidence to support the decree.

2. Receivers.    The appointment of a receiver lies within the discretion of the trial court.

In an action asking for the appointment of a receiver to take charge of a farm because the property was being wasted and destroyed, held that the matter of the appointment of a receiver in such a situation was within the sound discretion of the court before whom the litigation was pending.

3. Receivers.    Where property is being wasted and destroyed pending litigation, the appointment of a receiver is proper.

Where a farm involved in litigation was being improperly handled and the property was being wasted and destroyed and materially depreciated in value, held that it was proper to appoint a receiver to take charge of the same until the litigation was finally settled.

4. Partition.    Evidence.    Evidence held to show farm not susceptible of partition in kind.

In an action to partition a farm where the evidence showed that the farm was made up of hill land and creek bottom land and had only one dwelling house and barns and outbuildings, and that if the farm was divided in kind, private roads would have to be made to the various tracts, and the setting off of the improvements would materially depreciate the value of the other land, held that the court properly denied partition in kind and ordered a sale.

5. **Partition. The fact that one party prefers his land in kind will not justify partition in kind if the whole tract will be materially depreciated.**
In an action to partition a farm where one of the parties owned a one-third interest and was desirous of having the house and improvements for sentimental reasons, held that even though a one-third interest could have been set out in kind, yet since the entire tract would be materially depreciated the court was not justified in ordering partition in kind.

Appeal in Error from County Court of Greene County; Hon. M. F. Humphreys, Chairman County Court, Judge.
Affirmed.
Susong, Susong & Parvin, of Greeneville, for appellant.
Shoun, Swingle & Milligan, of Greeneville, for appellee.

SENTER, J. In this cause it appears that Miss Lorena Hale died intestate in Greene county, Tennessee, in the month of March, 1924; that at the time of her death she was the owner of the 166 acre tract of land involved in this case, and also some personal property composed of live stock, farming machinery, feed stuff, etc. She left surviving her as her heirs at law Mrs. Ella Haun, a sister, and M. E. Etter and Mrs. Adelia McAmey, the children of her deceased sister, Mrs. Manilia Etter; Mrs. Viena Hale Davis, Nathan Orris Hale, Solon P. Hale, Jr. and Lorena Hale, the children of her deceased brother, Solon P. Hale. H. T. Easterly was duly appointed the administrator of the estate of said Miss Lorena Hale, deceased.

The original bill was filed in this cause by H. T. Easterly, as the administrator of said estate, and by M. E. Etter, Mrs. Adelia Etter McAmey, Mrs. Viena Hale Davis, and Nathan Orris Hale, as complainants, and against Mrs. Ella Haun, Solon P. Hale, and Lorena Hale, as defendants. Solon P. Hale and Lorena Hale being the minor children of Solon P. Hale, Sr. deceased. The original bill alleged the ownership of the 166 acres of land in Miss Lorena Hale at the time of her death, and that she was the owner of certain live stock, farm implements, etc. The bill alleged that the estate was insolvent in the sense that there was not sufficient personal property to pay the debts of the estate, and alleged that the property was incumbered by a trust deed in favor of the Federal Land Bank in the principal sum of $1000, and that there were other debts against the estate aggregating about the sum of $600; that the personal effects were insufficient to pay the debts, and that it was therefore necessary to sell a sufficient amount of the real estate to create as-

sets necessary to pay the debts of the estate. The bill alleged that the property, the 166 acres of farm lands, was of such a character and so situated as not to be susceptible of a partition in kind among the heirs at law entitled to share therein without material detriment to the value of the property. The bill prayed for a sale of the property and that so much of the proceeds of the sale as necessary be applied to the payments of the debts, and the balance divided among the heirs at law of the deceased entitled to share therein.

The Federal Land Bank and the trustee in the trust deed were not made parties to the original bill. A demurrer was filed to the bill by the defendant, Mrs. Ella Haun, said demurrer being incorporated in the answer of Mrs. Ella Haun. The demurrer was directed to the allegation in the bill alleging that the Federal Land Bank was the beneficiary of a trust deed securing an indebtedness of $1,000 on said land, and the ground of demurrer was that the Federal Land Bank, nor the trustee named in the trust deed, were not made parties to the suit.

The answer of Mrs. Ella Haun denies that the personal property belonging to the estate is insufficient to pay the debts, and denies that it is necessary that the farm land be sold to pay debts of the estate. The answer denies that the property is so situated and is of such character that it is not susceptible to a partition in kind without detriment to the value. The answer points out that Mrs. Ella Haun is entitled to a one-third undivided interest in said property, and that her one-third undivided interest can be partitioned to her in kind, so as to give to her a one-third in value of the 166 acres, without detriment to the value of the remaining portion of the tract.

Subsequent to the filing of the demurrer, the original bill was amended so as to make the Federal Land Bank and the trustee named in the trust deed parties defendant to the suit. An order of reference was made to the Clerk and Master to take proof and report whether the property could be partioned in kind among the parties without depreciating the value of the same, or whether it would be to the manifest interest of all the parties that the property be sold for division among those entitled to share therein; and also to report on the matter of the indebtedness of the estate; and also to report on the amount of personal property in the hands of the administrator; the debts paid by the administrator; and the unpaid debts, secured and unsecured; the heirs at law of the deceased, and their respective interests, and what real estate the deceased owned at her death. In obedience to this order of reference the clerk reported as directed. Several depositions were taken on the question as to whether the property could be partitioned in kind among the heirs at law, or whether it would be to the manifest interest of all

the parties that the property be sold for division among them. The clerk reported that the real estate consisting of 166 acres was susceptible of equitable partition in kind among the heirs entitled thereto, so as to make a partition thereof into three shares, or to carve out a one-third interest or share without injury to the other shares. The complainants excepted to that part of the report of the clerk wherein the clerk reported that the real estate is susceptible to equitable partition in kind.

The cause was heard by the chairman of the county court upon the pleadings, the proof and the report of the clerk made in obedience to the order of reference, and the exceptions filed thereto. The chairman of the county court held and so decreed that the personal estate of the deceased was insufficient to pay the indebtedness, and that it would be necessary to sell a portion of the real estate in order to pay such debts; that the real estate is not susceptible to equitable partition among the parties thereto; that the share of the defendant, Mrs. Ella Haun, cannot be cut off and set aside to her in kind without material injury to the other lands, and that said lands should be sold as a whole, and decreed that the clerk, after advertising the sale, sell the property to the highest bidder, on the terms of one-fourth cash and the balance on a credit of one, two and three years, taking the interest-bearing notes of the purchaser with approved personal security for the deferred payments, and retaining a lien on the land as further security. The decree directed that the clerk may divide the tract into separate parcels, and sell the parcels separately, and then as a whole, adopting the sale realizing the most money.

From this decree the defendant Mrs. Ella Haun excepted and prayed and was granted an appeal to the Court of Appeals. Upon a hearing of the cause on appeal, it was held by the Court of Appeals that the appeal was premature and that the Court of Appeals was without jurisdiction, on the ground that the decree appealed from was interlocutory and not final. The Court of Appeals dismissed the appeal and remanded the cause to the county court of Green county for further proceedings.

Upon the remand of the cause complainants amended the original bill, by leave of the court, so as to make James D. Davis, the trustee under the trust deed, and the Federal Land Bank, of Louisville, Ky., parties, and said new parties answered the bill. Whereupon, the complainants filed a petition in the cause asking for the appointment of a receiver to take charge of, manage and control and rent the property for the year 1926. On March 12, 1926, the court, upon a hearing, granted the application and petition of complainant for the appointment of a receiver, and a receiver was duly appointed to rent the real estate, but the order appointing a receiver

specifically directed that defendant Mrs. Ella Haun would not be disturbed in her possession and occupancy of the dwelling house and outbuildings, if she desired to occupy and use these buildings, provided she would pay to the receiver reasonable rental therefor. To the action of the court in appointing a receiver, the defendant, Mrs. Ella Haun, excepted.

Upon the remand of the cause by the Court of Appeals, the former order· of sale was renewed by the county court, and in pursuance thereof the clerk sold the property as directed in the decree of sale for the price of $9017, and on the terms as directed by the decree of sale, and duly reported the sale to the county court, which report of sale was by decree of the county court, confirmed. From the action of the county court in decreeing and confirming the sale of the land, and in refusing to set apart to the defendant, Mrs. Ella Haun, her one-third interest in said land in kind, and in holding that said land was not susceptible of equitable partition in kind, and from the action of the court in appointing a receiver to take charge and possession of said land, the defendant Mrs. Ella Haun, excepted, and has perfected her appeal to this court, and has assigned errors as follows:

"1. The county court erred in overruling the demurrer of plaintiff in error, and defendant below, and in holding that the Federal Land Bank or the trustee in said trust deed, as holder of the legal title to the land sought to be sold, was not a necessary party to the suit."

"2. The county court erred in appointing a receiver for the said land, thereby ousting plaintiff in error, who was a tenant in common in possession of same, from her possession pending the litigation.

"3. The court below erred in ordering and making and confirming the sale of the lands in question, for payment of debts and partitions, Mrs. Haun having offered to pay into court her portion of the indebtedness, and particularly in refusing to set apart to her, the plaintiff in error, her one-third part of said land in kind."

The first assignment of error must be overruled, since the Federal Land Bank and the trustee in said trust deed were made parties defendant to the cause by amendment to the original bill.

The second assignment of error is based on the action of the court in appointing a receiver to take possession and control of the farm land pending a sale of the property.

The decree of the county court appointing the receiver recites as follows: "That the property involved in the litigation is being wasted and destroyed and is materially depreciating in value, and that all parties owning the said property are thereby suffering a great loss, and that it is a proper case for the appointment of a receiver to take charge of, and protect the property, and rent the ·

same." Preceding the above quoted words the order recites, "and after consideration of the matter alleged and hearing argument of counsel both for complainants and defendants, and in consideration of the entire record, the court is of the opinion and so finds." ·

There is nothing in the record before us to show what proof, if any, was before the chairman of the county court on the application for the appointment of a receiver. From the recitations in the decree it must be assumed that there was evidence to support the conclusions of fact as found by the chairman, to the effect that the property "is being wasted and destroyed and is materially depreciating in value, and that all parties owning said property are thereby suffering a great loss." The matter of the appointment of a receiver in such a situation is within the sound discretion of the court, before whom the litigation was pending. We are of the opinion that if there was evidence to support the allegations set out in the petition, and these allegations, if supported by the proof, present a proper case for the appointment of a receiver, there was no error in appointing the receiver. The second assignment of error is therefore overruled.

The third assignment of error presents the question, as to whether under all the facts and circumstances as disclosed by the evidence and by the record, the chairman of the county court was in error in holding and decreeing that the property was not of such a character and so situated as to be susceptible of a partition in kind without detriment to the value. We have examined the evidence of the several witnesses on this subject, and while there is considerable conflict in the evidence, we are of the opinion that by a decided preponderance of the evidence this farm of 166 acres, situated as it is, is not susceptible to a partition in kind among those entitled to share therein without material detriment to the value of the whole tract. It appears that there are about sixty acres of the tract in creek bottom, and about seventy-five acres in timber. The timber is entirely separated from the creek bottom, and the timber land is broken and of poor quality, and probably could not be cleared and cultivated profitably. The creek bottom is a long narrow strip and is the most valuable for purposes of cultivation. The east line of this property is nearly or quite a mile in length. The creek bottom is only about forty rods wide and extends a considerable distance north to the table land on which the improvements are located. The improvements consist of an old frame two-story residence containing about ten rooms; and is not in a good state of repair; a small tenant house across the road from the dwelling house; a barn in fair repair, and the usual out-buildings. About seven or eight acres of the land immediately around the dwelling house and improvements appears to be of fair quality. There is a dirt road running across

the land which passes by the improvements, and going out of the tract near the northeast corner. In order to make the remainder of the tract accessible to this public road private roads would have to be constructed. It is very evident from the entire record that the defendant Mrs. Ella Haun desires her share to be set apart to her so as to include the dwelling house and out-buildings. It is also apparent that she attaches a great deal of sentiment to the old house in which she had lived a good part of the time. However, when the value of the improvements are taken into consideration and the remoteness of the timbered portion of the tract from the creek bottom lands, we think it clear from the evidence that this tract of land is considerably more valuable as a whole than if cut into parcels.

It is insisted for the defendant Mrs. Ella Haun that her share in this land, so as to include the dwelling house and out-buildings, and a sufficient acreage to equalize, or to amount to one-third in value of the whole, could be set apart to her and the remainder of the tract held in common by the other heirs at law. Several witnesses testify that this could be done and we think it probably could. But we are also of the opinion that the remainder of the tract would be less valuable, and would find fewer purchasers. If it is to the material interest of all the parties that the tract should be sold as a whole, the fact that one of the parties owning a one-third undivided interest prefers to receive her one-third in kind, would not warrant a partition in kind, since the interest of all the parties must be looked to and not merely the wishes of one of the parties.

We will not attempt a review in detail all the evidence pro and con contained in the record on this subject, but after a careful reading of all the evidence, taking into consideration the interest or lack of interest of the respective witnesses in the result, and taking into consideration their peculiar knowledge of the land, and the local situation, and the opportunities for the exercise of better judgment, we are of the opinion that the evidence preponderates in favor of the conclusions reached by the chairman of the county court.

It results that all assignments of error are overruled and the decree of the county court is affirmed. Appellant and sureties on the appeal bond will pay the costs of this appeal.

Heiskell and Owen JJ., concur.