BEVINS v. GEORGE et al.—255 S. W. (2d) 409.

Eastern Section.   November 19, 1952.

Petition for Certiorari denied by Supreme Court, February 6, 1953.

White & Leonard, of Knoxville, for plaintiff.

Donaldson, Montgomery & Kennerly, of Knoxville, for defendant.

HOWELL, J.   In this case the complainant, Elizabeth J. Bevins, filed the bill against Mary J. George and Hu E. Jackson and alleged that the parties were the owners of a tract of land in Loudon County, Tennessee, contain-

ing 598 acres, and prayed that this tract be partitioned in kind among the owners. The complainant owns a one-fourth undivided interest in the land, the defendant Mary J. George owns a one-half undivided interest and the defendant Hu E. Jackson owns a one-fourth undivided interest.

The defendants filed an answer and cross-bill in which they admitted the ownership of the property as alleged in the bill and averred that the farm in Loudon County could not be equitably partitioned in kind and prayed that this farm be sold for division.

The complainant filed an answer to the cross-bill in which she denied that it was for the best interest of the owners that the farm be sold.

An order reference was entered, the material item of which is:

"2nd. Whether the premises are so situated that a partition thereof could be equitably made or whether they are of such description that it would be manifestly for the advantage of the parties that the same should be sold instead of partitioned."

As to this item in the order of reference the Master reported:

"As to the second head I report as follows:

"That the proof taken in this cause has a greater weight as to the partition in kind, the sketch filed as an exhibit to the deposition of Wallace Roberts indicates that said farm can be partitioned. I report to the Court that the premises are so situated that a partition thereof can be equitably made."

The case was heard by the Chancellor upon the entire record and upon exceptions to the 2nd item in the report of the Clerk and Master, upon the ground that the evidence showed that it would be manifestly to the advan-

tage of all the parties that the property should be sold instead of partitioned in kind. The Chancellor sustained the exceptions to the second item in the report and his decree in part is as follows:

"And there being no exceptions to Section 1, III and IV of said report, said foregoing sections are in all things confirmed. However, the defendants and cross-complainants, Mary J. George and Hu E. Jackson, duly excepted to section II of the report on the ground that said section was erroneous in that the overwhelming weight of the proof was to the effect that the land in question was so situated that it would be impracticable to divide the farm so as to give to each of the three owners, shares of equal value, and also that said evidence showed that it would be manifestly to the advantage of all owners that the farm be sold as a whole instead of partitioned in kind, and after hearing all the evidence thereon in open court and argument of counsel, the Court is pleased to and doth sustain the exception to said Section II of the report and doth overrule and disaffirm said section.

"The Court is of the opinion, and doth find as a matter of fact, that the premises, being the farm in question, are so situated that partition thereof cannot be made and the Court further finds that the premises are of such description that it would be manifestly for the advantage of the parties that the same should be sold instead of partitioned in kind.

"The Court further finds that the only public road is located on the south end of the farm, that two fine springs are located on the south end of the farm, that the timber is unevenly divided on the farm, that one end of the farm would be about a mile from the

public road, that the house site is on the south end of the farm, and the Court finds that the overwhelming weight of the evidence is that the farm is so situated, in view of the foregoing, that partitions in kind thereof cannot be made so as to do justice to the parties. On the contrary, the Court finds that the farm is so located and is of such description and road situation is such and the water situation is such, that it is manifestly to the advantage of the parties that said farm should be sold instead of partitioned in kind.''

The complainant has by proper procedure appealed to this Court and has assigned errors as follows:

"I

"The Chancellor erred in decreeing sale of the farm for partition against the insistence of complainant.

"II

"The Chancellor erred in holding that the farm could not be equitably partitioned in kind and decreeing a sale as a whole for partition.

"III

"The Chancellor erred in holding that the farm in question is so situated that partition thereof can not be made.

"IV

"The Chancellor erred in holding from the proof that it was manifestly for the interest of all parties that the farm should be sold for partition.''

The pertinent Sections of the Code are as follows:

"9165. Who may have partition.—Any person having an estate of inheritance, or for life, or for years, in lands, and holding or being in possession

thereof, as tenant in common or otherwise, with others, is entitled to partition thereof, or sale for partition, under the provisions of this chapter.''

''9197. Sale for partition.—Any person entitled to a partition of premises, under the foregoing provisions, is equally entitled to have such premises sold for division, in the following cases (1827, ch. 54, Sec. 1; 1829, ch. 35, Sec. 1):

''(1) If the premises are so situated that partition thereof cannot be made. (1853-54, ch. 48, Sec. 1.)

''(2) Where the premises are of such description that it would be manifestly for the advantage of the parties that the same should be sold instead of partitioned.''

Thus it is seen that we have a finding of facts by the Chancellor to the effect that it is manifestly to the advantage of all the parties that the farm should be sold instead of partitioned in kind.

Section 10622 of the Code of Tennessee is as follows:

''In all cases taken by appeal or otherwise to the court of appeals from any lower court, the hearing in said appellate court shall be de novo, upon the record from the court below when the hearing in the lower court was without a jury, but there shall always be a presumption in the appellate court as to the correctness of the judgment or decree of the lower court, unless the evidence preponderates against the judgment or decree.''

We have carefully read and studied the entire record including the testimony and exhibits and considered the interesting arguments of counsel and cannot say that the evidence preponderates against the decree of the Chancellor.

In the case of Wilson v. Bogle, 95 Tenn. 290, 32 S. W. 386, 387, from the Chancery Court of Blont County, the Supreme Court said:

"It is true that each tenant in common of land has a right to a partition of the premises, except where such partition is impracticable, or where, from the situation of the premises, a sale would be manifestly advantageous to all the parties interested. Reeves v. Reeves, 58 Tenn. 669. Actual partition, says Mr. Freeman, in his work on Cotenancy and Partition, was, by the common law, a matter of absolute right, irrespective of the fact whether the partition would prove beneficial or ruinous. * * * The object of the statutes authorizing a sale was to obviate the manifest hardship, and even destruction, which arose, in some cases, in making a division of property. Freem. Coten. Secs. 539-542. However, as stated by Mr. Freeman, a sale will not be ordered without good cause being shown. It is not sufficient that some, or even a majority, of the cotenants prefer a sale to a partition. The applicants for a sale must show the existence of such a state of facts as, under the statute, will be sufficient to rebut the presumption of law that each of the parties is entitled to an actual partition. The onus is always on him who seeks a sale. * * * The mere fact that the land may be divided into equal parts, and thus partitioned equally among the cotenants, is not conclusive that a sale should not be ordered. If, by a partition, the value of all the shares would be much less, by reason of the partition, than the value of the whole tract, * * * a partition would be manifestly inequitable, and a sale would be decreed. Branscomb v. Gillian, 55 Iowa,

235, 7 N. W. 523. 'The true question,' said Chancellor Walworth, 'to be decided by the master, under the statute, is whether the whole property, taken together, will be greatly injured, or diminished in value, if separated into parts, in the hands of different persons, according to their several rights and interests in the whole; in other words, whether the aggregate value of the several parts, when held by different individuals in severalty, would be materially less than the whole value of the property, if owned by one person.' Clason v. Clason, 6 Paige [N. Y. 541], 545. A sale must be decreed, when necessary to enable the Court to divide the property upon the principle that 'equality is equity.' Higginbottom v. Short, 25 Miss. 160 [57 Am. 198].''

It results therefore that the assignments of error are overruled and the decree of the Chancellor ordering the farm sold for division is affirmed.

The case will be remanded to the Chancery Court of Knox County for the execution of the decree.

The appellant will pay the costs of the appeal.

Affirmed and remanded.