IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
MAY 2000 SESSION

## TERESA E. MILES, ET AL. v. EARL PACE

**A Direct Appeal from the Chancery Court for Madison County**
**No. 54361     The Honorable Joe C. Morris, Chancellor**

---

**No. W1999-00407-COA-R3-CV - Decided July 31, 2000**

---

Four tenants in common, each owning a one-eighth interest in the property, filed suit for sale for partition against the other tenant in common, owning a one-half interest. After a non-jury trial, the court found that the property was so situated that it could not be partitioned and also found that it would be manifestly for the advantage of the parties that the property be sold rather than partitioned. The tenant in common owning one-half interest has appealed. We affirm, because the evidence does not preponderate against the findings of the chancellor.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded.**

CRAWFORD, P.J., W.S., delivered the opinion of the court, in which HIGHERS. J., and LILLARD, J., joined.

Harold R. Gunn, Humboldt, For Appellant

Michael T. Tabor, Jackson, For Appellees

### MEMORANDUM OPINION[1]

Plaintiffs, Teresa E. Miles, Marla D. Carr. Deborah P. Steed, and Lydia Pace Kinzer, sue defendant, Earl Pace, seeking to have property owned by the parties sold for partition. The

---

[1]Rule 10 (Court of Appeals). Memorandum Opinion. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

complaint avers that plaintiffs each own a one-eighth undivided interest in the property, and defendant owns a one-half undivided interest in the property. Plaintiffs allege that the property is so situated that it cannot be partitioned in kind and that it should be sold for partition.

Defendant's answer admits the allegations regarding the ownership of the property but denies that the property cannot be partitioned in kind and seeks to have it partitioned in kind.

After a non-jury trial, the trial court filed Findings of Fact and Conclusions of Law:

1. On May 11, 1942, Vanden Griffin and wife Nell Griffin conveyed approximately 86.6 acres located in the 3rd civil district of Madison County, Tennessee to J.C. Pace and wife, Minnie Pace (Trial Exhibit "1").

2. J.C. Pace had two children, Thomas Pace and Earl Pace.

3. Minnie Pace is the stepmother of Thomas Pace and Earl Pace.

4. J.C. Pace died in January, 1985.

5. Thereafter, Thomas Pace died and left surviving him four (4) children namely, Teresa E. Miles, Marla D. Carr, Deborah P. Steed and Lydia Pace Kinzer.

6. On May 19, 1994, Minnie Pace conveyed to Marla D. Humphreys a 2 acre tract which was adjacent to the approximately 62 acre tract which is the subject of this partition lawsuit.

7. Also, there was a 1 acre tract out of the original tract that was conveyed by Minnie Pace. Both of these tracts (the 2 acre tract and 1 acre tract) are identified on Exhibit "6" in the trial of this case. These 2 tracts are on the Ashport Road.

8. Minnie Pace died owning the 62 acre tract in Madison County, Tennessee.

9. At the time of her death, Minnie Pace left a Last Will and Testament which in relevant part stated as follows:

> 1. I hereby will, bequeath and devise all of the rest of my property, real, personal or mixed, of what ever kind and wherever located unto: Earl Pace a ½ undivided interest; and to Teresa E. Miles, Marla D. Carr, Deborah P. Steed, and Lydia D. Pace, a 1/8th undivided interest each, in fee simple forever....(Trial Exhibit "3")

Thus, each Plaintiff owns a 1/8th undivided interest and Earl Pace owns a ½ undivided interest.

10. Only one expert testified in this case, James P. Murdaugh, a certified real estate appraiser that has practiced in the real estate

appraising field for approximately 25 years. (Trial Exhibit "5")

11. Mr. Murdaugh testified that there was approximately 600 feet of useable road frontage on the Ashport Road. He specifically testified that the subject approximately 62 acres could not be partitioned in kind. Essentially, he testified that the subject 62 acres could not be partitioned in kind because of two (2) small fringe residential parcels cut off the northwestern corner of the subject tract along Ashport Road which diminishes the road frontage and creates an irregular shaped parcel. The southern portion of the tract is gently rolling and contains several small open fields. There is a small stand of timber on the tract located on this southern portion south of the dwelling unit along the east property line. Mr. Murdaugh testified that another reason that the subject tract could not be partitioned in kind was because the approximately 15 acres of timber is located on the eastern section of the subject property. (Trial Exhibit "7").

12. Essentially, Mr, Murdaugh testified that the subject real estate was so situated that partitioning in kind could not be made.

13. Mr. Murdaugh furthermore testified that the property should be sold instead of partitioned so that the respective owners could receive the value which they are entitled to.

14. Mr. Murdaugh testified that the subject 62 acres was essentially farmland, and he testified in regard to the location of the existing improvements, which consisted of a house, barn and shed, which were all located on the east side of the property.

15. Also Mr. Murdaugh testified that the well on the subject land was located near the house and that the subject house was appraised on the tax rolls for $8,000.

16. Mr. Murdaugh testified that the cost of partitioning the property would be greater that the cost of selling the property as a whole.

17. Teresa Miles testified she did not believe the property could be partitioned in kind, but that the approximate 62 acre tract should be sold.

18. Earl Pace testified there was an agreement presented to him to somehow divide the property, but the agreement was never signed.

## CONCLUSIONS OF LAW

T.C.A. § 29-27-20 states as follows:

-3-

Sale for division authorized. – Any person entitled to a partition of premises, under the provisions of § § 29-27-101 – 29-27-123, is equally entitled to have such premises sold for division, in the following cases:
1. If the premises are so situated that partition thereof cannot be made.
2. Where the premises are of such description that it would be manifestly for the advantage of the parties that the same should be sold instead of partitioned.

A party seeking a partition by sale is entitled to have the property sold if it demonstrates either that the property cannot be partitioned in kind [Tenn. Code Ann. § 29-27-201(1)] or that the sale of the property is manifestly in the best interests of all the parties [Tenn. Code Ann. §. 29-27-202(2)]. *Rates v. Rates*, 571 S.W.2d 293, 296 (Tenn. 1978) *and Glen v. Gresham*, 602 S.W.2d 256, 258 (Tenn. Ct. App. 1980). The sale of the property is justified if either conditions exists. Thus, the sale of the property may, in proper circumstances, be appropriate even if the land is physically capable of being partitioned. *Medley v. Medley,* 61 Tenn. App. 331, 350-51, 454 S.W.2d 142, 150-51 (1969).

The correctness of the trial court's decision rests upon its determination if that parties' interests are best served by ordering the sale of the property. The trial court considered and balanced the following factors in making its determination:

1. The existing means of access to the property;

2. The character of the property and its potential uses;

3. The location of the existing improvements;

4. Access to water and other similar utilities and services;

5. The potential value of a single large tract as compared to the value of smaller tracts;

6. The costs of partitioning the property compared with the costs of selling the property; and

7. The state of the title and the existence of any liens or encumbrances. ***Gober v. Burrus***, 726 S.W.2d 532 at 534-35.

Based upon the foregoing facts, in particular, the testimony of the only expert that testified in this case, the subject property which consists of 62 acres is owned ½ by Earl Pace and in which each Plaintiff owns a 1/8th interest, is so situated that it cannot be partitioned. In addition, it would be manifestly for the advantage of the parties that the property be sold instead of partitioned.

DATED this the 29th day of September, 1999.

On November 3, 1999, the trial court filed its judgment ordering the property to be sold for partition and incorporated the findings of fact and conclusions of law by reference.

Defendant has appealed and presents two issues for review as stated in his brief:

1. Should the property in question have been partitioned or sold?

2. Should a judge request findings of fact from the attorneys and render his decision before he receives such findings?

Since this case was tried by the court sitting without a jury, we review the case ***de novo*** upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. Tenn. R. App. P. 13(d).

From our review of the record, we find that the evidence does not preponderate against the findings of fact made by the trial court. Moreover, the trial court has correctly stated the law applicable to the facts as shown in the record. We conclude that the trial court correctly ordered the sale for partition. The defendant's first issue for review is without merit.

In defendant's second issue, he seems to be complaining that the trial judge filed findings of fact and conclusions of law before receiving findings of fact submitted by the parties. The record indicates that at the conclusion of the evidentiary hearing, the trial court requested both counsel to furnish a finding of fact "as to when Mr. J. C. Pace and Minnie Pace took from Vanden Griffin, et ux, and then, when he died, what the Will said and so on and how much acres and how much frontage. Just give that to me and I'll make the Conclusions." Apparently the trial court determined from reviewing his notes that he did not really need the information he requested from counsel and proceeded to prepare findings of fact and conclusions of law. Defendant appears to be arguing that

when the trial judge requests counsel to prepare suggested findings of fact, then it is reversible error for the trial judge to render his judgment before receiving the suggestions.  No law is cited for this proposition, and this Court knows of no such law.  This issue is without merit.

Accordingly, the judgment of the trial court is affirmed, and this case is remanded to the trial court for such further proceedings as necessary.  Costs of the appeal are assessed against appellant, Earl Pace.

 

_____
W. FRANK CRAWFORD, PRESIDING
JUDGE, W.S.