IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 13, 2004 Session

## JOANN POTTS, ET AL. v. WALTER ANSEL ROGERS, JR., ET AL.

**Appeal from the Chancery Court for Hamilton County**
**No. 98-0323     W. Frank Brown III, Chancellor**

_____

**No. E2003-00524-COA-R3-CV - FILED SEPTEMBER 9, 2004**

_____

In 1987 six (6) siblings acquired by intestate succession, a 115-acre tract, mostly flood plain unimproved land bordering North Chickamauga Creek near Hixson, Tennessee. Five (5) of the owners filed a partition action against their brother whose residence adjoined an upland portion of the 115 acres that was not subject to flooding. A consent judgment was entered in 1998 that the entire acreage would be sold and the net proceeds divided equally among the six (6) owners. But the consent judgment also provided that if no offer to purchase for $1,734,150.00 was received, the property would not be sold without unanimous consent or upon further order of the court. Four years later the North Chickamauga Creek Conservancy offered $800,000.00 which was accepted by the plaintiffs, and disdained by the defendant, who apparently wanted the upland tract of 19 acres adjoining his residence as his partitioned share. The court ordered the property sold for partition. We modify as to the real estate commission and affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed as
Modified**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

Gary R. Patrick, Chattanooga, Tennessee, for appellant, Walter Ansel Rogers, Jr.

John C. Cavett, Jr., attorney for appellees, Joann Potts, Wanda Sue Gann, Donnie Rogers, George Rogers, and Darlene Parrott.

Allen L. McCallie, Chattanooga, Tennessee, attorney for appellee, North Chickamauga Creek Conservancy.

### OPINION

It is provided by law that any person having an estate of inheritance as a tenant in common with others is entitled to a partition thereof or a sale for partition. Tenn. Code Ann. §§ 29-27-201,

29-27-101; *Yates v. Yates*, 571 S.W.2d 293 (Tenn. 1978). This statutory right is the basis of the policy in this state to give each person his own in severalty and not to force him to continue in partnership with another. *See, Nicely v. Nicely*, 293 S.W.2d 30 (Tenn. 1956). This is accomplished either by a partition in kind, the operative words being "in kind," or a sale for partition.

Nellie Ruth Rogers died intestate in 1987. She owned the real estate [115 acres, unimproved, and 85 % in a flood plain] involved in this litigation, title to which passed to her six (6) children, all *sui juris*, in fee simple. Five (5) of the children filed a complaint in April 1998 against their brother alleging that the 115 acres could not be equitably partitioned in kind, but should be sold for partition because no agreement could be reached with the defendant. In August 1998, a consent judgment[1] was entered that the real estate "shall be sold for partition and the parties shall divide the net proceeds among themselves in six (6) equal shares."

But the consent judgment further and anomalously provided [upon the insistence of the appellant] that "if no offer to purchase is received of at least $1,734,150.00, then no sale should be had without the written agreement among all parties for a lower price or *upon further order of this court upon motion to reinstate* this case made by any party to this case." [Emphasis supplied].

About four (4) years later, in May 2002, the plaintiffs filed a motion to "reinstate" the case,[2] reciting that the defendant refuses to consent to a sale of the property. They concurrently filed a motion seeking approval of an offer by the North Chickamauga Creek Conservancy [hereafter"Conservancy"] to purchase the property for $800,000.00. They alleged that the offer was fair and reasonable, that it was the best price obtainable, and that the defendant refused to consent to the sale. They sought judicial approval of the proposed sale, as being in the manifest best interests of the parties.

On November 14, 2002 the defendant filed a separate complaint for a partition in kind of the property, alleging that "his share of the real estate, approximately nineteen acres, be partitioned and divided so that he will actually receive approximately nineteen acres in kind." The defendants moved to dismiss alleging that the August 1998 consent judgment was *res judicata*.

The 2002 complaint "and all causes of action . . . in this proceeding" were consolidated for a plenary hearing in January 2002 which resulted in a judgment finding *inter alia* that it would be to the manifest best interests of the parties that the property should be sold rather than partitioned, and that the offer of the Conservancy was fair and reasonable and should be approved. The court also found that the 1998 judgment was *res judicata* of this ongoing litigation, that the defendant was

---

[1] Styled "Judgment Order."

[2] The Rules of Civil Procedure do not provide for the "reinstatement" of a case in the manner employed here. The procedure employed is not questioned by the appellant.

The dispositive issue was clearly identified and tried and in the interest of judicial economy and the termination of litigation we have treated the record as properly constituted.

collaterally estopped by his consent to the judgment, and by his two agreements listing the property for sale, he acknowledged that the acreage could not be equitably divided. The "request of Walter Ansel Rogers, Jr., for a partition of the property in kind" was denied.[3]

Walter Ansel Rogers, Jr., appeals. He presents for review the dispositive issue of whether the court erred in its determination that the property should be sold for partition. Our review is *de novo* on the record. We presume the judgment is correct unless the evidence preponderates against it. Tenn. R. App. P. Rule 13(d). ***Bogan v. Bogan,*** 60 S.W.3d 721 (Tenn. 2001).

## Analysis

The tract of land owned as tenants in common by the six siblings contains 115 acres, of which 100 acres are in the flood plain of North Chickamauga Creek. The appellant concedes that he and his five siblings cannot be compelled to continue their joint ownership of this acreage, but he initially argues that a specific portion of it, 19 acres, should be carved out and awarded to him as his one-sixth share. The 19-acre tract, which adjoins the appellant's separate property, contains, as a practical matter, all of the property above the flood plain.[4] One of the defendant's experts testified that the land could be divided into six tracts, of equal acreage, but there was no proof that these six tracts would be of equal quality or value. Parenthetically, we note that a careful analysis of the record reveals that, owing to the topography of the land, the flood prone North Chickamauga Creek, the problems of utilities and access to each tract, the fact that some easements - by consent - would be required, a partition in kind would simply exacerbate an ongoing family imbroglio, even if a partition in kind was factually possible.

The appellant argues that the Conservancy and the Tennessee Wildlife Resources Agency [hereafter "TWRA"] are the only conservation groups interested in the property, and that their interest is focused on that portion of the property in the flood plain for which they will pay $800,00.00, thus satisfying the appellees while allowing him to have the upland acres as his share. The record, however, does not support this argument; the offer by the Conservancy of $800,000.00 was for the *entire tract of 115 acres*. An agent for the TWRA, which will acquire the property from the Conservancy, testified that the TWRA had orally agreed to purchase the 115 acres because of the State's interest in the acquisition of wetlands which is not limited to property below the flood line.[5] Suffice to say that the testimony of the appellant's experts as to what the Conservancy would or

---

[3] We treat this decretal provision as a dismissal of the complaint filed by Walter A. Rogers, Jr.

[4] The appellant's stance is perplexing. He filed no answer to the complaint for partition. He filed no response to the "Motion to Reinstate." He filed no response to the motion to approve the sale to the Conservancy. His witnesses were examined about *the specific 19-acre tract of upland adjoining the defendant's residence*, which clearly could not have been arbitrarily awarded to the defendant. But, when the defendant testified - lastly - he announced himself willing to "draw straws" for any of six tracts. We deduce this strategy fell upon unreceptive ears.

[5] Wetlands are identified by the different species of plants and animals growing and living there. The term is somewhat misleading.

might do, or what the TWRA would do with respect to this property, is purely speculative and of little or no probative value.

It is the clear policy of law that if real estate owned in common is capable of a just division, a sale for partition is not warranted. *See, **Glenn v. Gresham***, 602 S.W.2d 256 (Tenn. Ct. App. 1980). But the owner of a fee interest in property is entitled to have the entire property sold if (1) the premises are of such description that partition thereof cannot equitably be made, or (2) where the premises are such that it would be manifestly for the advantage of the parties that the same should be sold instead of partitioned. Tenn. Code Ann. § 29-27-201.

A real estate expert, Sam Ward, who negotiated the sale to the Conservancy for a commission, testified that the tract could not be equitably partitioned. Other expert witnesses testified that the tract could be partitioned into six tracts[6] of equal acreage. About 85% of the land, bounded in large part by the meanders of North Chickamauga Creek, is a flood plain. The 19-acre tract [one of six] adjoining the defendant's residence, is upland and unaffected by the flooding of North Chickamauga Creek. It requires no expertise to conclude that this upland acreage is the most valuable of the six tracts.

The Chancellor made a specific finding that the property could not be partitioned in kind. The evidence does not preponderate against this finding. He pointed out that a "goodly portion" of the property was in the flood plain, and that public access to some of the proposed tracts would be difficult and inconvenient. He further found that a partition would not be equitable because it would probably result in the "non-sale" of the property of the other (five) siblings. The latter finding reflected the essential position of the appellant, throughout the tortured history of this case, that he sought to have the 19-acre tract carved out and awarded to him. The appellant did not carry his burden of proving by a preponderance of the evidence that the property could equitably be partitioned in kind.

The mere fact that the land may be partitioned among the co-tenants is not conclusive that the sale should not be ordered; if, by partition, the value of all shares would be less than the value of the tract as a whole, then the partition would be manifestly inequitable, and a sale shall be ordered. ***Medley v. Medley***, 454 S.W.2d 142 (Tenn. 1969); ***Gober v. Burrus***, 726 S.W.2d 532 (Tenn. Ct. App. 1986). This principle of equity is peculiarly applicable to this case.

Because we have determined that the resolving issue is whether the acreage should be divided, we do not reach the issues arising from the 1998 "Judgment Order".[7] The appellant questions the validity of the Conservancy's offer to purchase the property, which the Chancellor found was fair and reasonable, and we do not reach this issue. So far as the record reveals, this offer

---

[6] The acreage is unimproved, access would be limited to some of the proposed tracts, and except for the tract adjoining the appellant's residence, the tracts will always be threatened by flooding.

[7] The issues of whether the 1998 consent judgment is *res judicata*, or whether the defendant is collaterally estopped, or whether he is barred by laches.

was extant when the case was tried, and the Conservancy, a party to the case, did not withdraw it.

The issue presented by the appellees - whether the Chancellor erred in not requiring the defendant to pay his share of the real estate commission - is resolved favorably to the appellees. The Chancellor did not elaborate his rationale in onerating the appellees with the entire obligation of Mr. Ward's commission, and none occurs to us. The mere fact that the appellant did not agree to the listing with Mr. Ward is not controlling; he will benefit on an even basis with his siblings and therefore should pay his proportionate share of the expenses. Accordingly, the judgment is modified to require the defendant to pay one-sixth of the commission.

We conclude that the evidence does not preponderate against the judgment, which is affirmed as modified. The costs on appeal are assessed to the appellant.

_____
WILLIAM H. INMAN, SENIOR JUDGE